UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IRVING S. BRAUN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GT SOLAR INTERNATIONAL, INC., et al.,<br><br>Defendants. | **CIVIL ACTION NO. 1:08-CV-00312-JL**<br><br>(MAIN CASE) |

THE STATE OF NEW HAMPSHIRE

| | |
|---|---|
| HILLSBOROUGH, SS.<br>SOUTHERN DISTRICT | SUPERIOR COURT<br>Docket No. 08-C-431 |

JOYCE T. HAMEL, individually and
on behalf of all others similarly situated
vs.
GT SOLAR INTERNATIONAL, INC., et al.

**STIPULATED [PROPOSED] PROTECTIVE ORDER CONCERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION**

Lead plaintiff Arkansas Public Employees Retirement System, plaintiff Joyce T. Hamel (collectively, "Plaintiffs"), and defendants GT Solar International, Inc., GT Solar Holdings, LLC, GFI Energy Ventures LLC, Oaktree Capital Management, L.P., OCM/GFI Power Opportunities Fund II, L.P., OCM/GFI Power Opportunities Fund II (Cayman), L.P., Thomas M. Zarrella, Robert W. Woodbury, Jr., Edwin Lewis, J. Bradford Forth, Ernest L. Godshalk, Richard K. Landers, J. Michal Conaway, Richard Ernest Johnson, Fusen E. Chen, and Credit Suisse Securities (USA) LLC, UBS Securities LLC, Banc of America Securities LLC, Deutsche Bank Securities Inc., Piper Jaffray & Co., and Thomas Weisel Partners LLC (collectively, "Defendants"), by and through their

undersigned counsel, hereby stipulate and agree to the entry of this Protective Order, governing the production and exchange of all documents, testimony, interrogatories, and other information produced, given, or exchanged by and among the parties in above-captioned actions ("Discovery Material"). Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby ordered as follows:

1. The parties[1] hereto recognize and acknowledge that, in the course of this litigation, each may be required to disclose or provide to the others information that it regards as confidential and/or proprietary. Accordingly, the parties seek, pursuant to this Stipulated [Proposed] Protective Order Concerning Disclosure of Confidential Information (the "Protective Order" or the "Order"), to establish a procedure for handling and protecting from unauthorized disclosure such confidential information.

2. Any party may designate any Discovery Material as "Confidential" if that party in good faith reasonably believes that such Discovery Material contains nonpublic, confidential, proprietary, commercial information or personally sensitive information that requires the protection of this Order ("Confidential Discovery Material"). Confidentiality designations shall be made when the Discovery Material is provided. Discovery Material shall qualify as Confidential Discovery Material to the extent it contains nonpublic information, including nonpublic business or financial information, information relating to personnel, tax data, personal financial information, or other sensitive or proprietary information.

3. If a document or discovery response is designated as confidential, it shall

---

[1] Unless otherwise described, the term "parties" shall include all Plaintiffs and Defendants in the federal action and the *Hamel* action.

be stamped "Confidential." For purposes of this Protective Order, stamping or affixing the "Confidential" designation to the first page of a document shall be sufficient to render the entire document Confidential Discovery Material and subject to the terms of this Order. All correspondence and other written materials which quote or refer to the substance of any Confidential Discovery Material shall also be treated as confidential in accordance with the provisions of this paragraph and each page of such document shall be marked in accordance with provisions of this paragraph. In connection with the taking of any deposition in these actions, testimony may be designated "Confidential" by any party by an appropriate statement at the time of the giving of such testimony. Such designations should be made on the record whenever possible, but a party may designate portions of depositions as "Confidential" after transcription by providing written notice of such designation to all parties within ten (10) calendar days after receipt of the transcript of the proceedings. All transcripts shall be considered "Confidential" and subject to this Order for a period of ten (10) calendar days after receipt of the transcript, or until receipt of the notice referred to in this paragraph, whichever comes first.

4. The inadvertent failure to designate Discovery Materials "Confidential" shall not constitute a waiver of such claim, and the Discovery Material shall be treated as Confidential after the producing party advises the receiving party in writing of such designation.

5. Discovery Material of one party shall be used by the other parties only for the purposes of the above-captioned actions (including appeals and retrials), and (except as set forth herein) shall not be used by the other parties for any other purposes

whatsoever.

6. Confidential Discovery Material may be disclosed only to the following persons:

    a. Counsel of record, other outside counsel, corporate in-house counsel, and clerical, paralegal and secretarial staff regularly employed by such counsel and necessary for the preparation or trial of these matters (including commercial copying businesses who are assigned to work with authorized counsel on these matters), who are actively engaged in assisting any such attorney in the prosecution or defense of the above-captioned actions;

    b. Any individual who authored or received the Confidential Discovery Material prior to its designation as confidential in this proceeding. The person to whom the information is disclosed shall not be given a copy of the document or information, nor be permitted to copy the document;

    c. Any named parties to the above-captioned actions and their officers, directors, trustees or employees who are assisting counsel in these matters or who appear as witnesses or deponents. The party to whom the information is disclosed shall not be given a copy of the document or information, nor be permitted to copy the document;

d.  Any expert or consultant, including their employees or agents, retained by counsel in connection with these matters to the extent necessary for such expert or consultant to prepare an opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the above-captioned actions; provided, however, that such expert or consultant (i) is advised in advance of the terms of this Order and further advised that violation of its terms may be punishable by contempt; (ii) is given a copy of this Order; and (iii) agrees in writing to be bound thereby by signing an undertaking in the form of Exhibit A hereto. The counsel of record who imparts such material to any such expert or consultant shall retain copies of these written agreements by the said expert or consultant;

e.  Witnesses or deponents and their counsel, during the course of, and to the extent necessary in, preparation for depositions or testimony in these actions, provided that such persons are (i) advised in advance of the terms of this Order and further advised that violation of its terms may be punishable by contempt; (ii) given a copy of this Order; and (iii) asked to sign an undertaking in the form of Exhibit A hereto. The counsel of record who imparts such

        Confidential Discovery Material shall make a good faith effort to obtain a written agreement from the witness or deponent to be bound by the terms of this Order and shall, in all events, advise all parties (prior to any testimony of such witness or deponent) of any refusal by such deponent or witness to execute the undertaking. The person to whom the information is disclosed shall not be given a copy of the document or information, nor be permitted to copy the document. The counsel of record who imparts such confidential information shall retain copies of the written agreement by the person to whom the information is disclosed;

f.   Non-testifying fact witnesses, provided that such persons are (i) advised in advance of the terms of this Order and further advised that violation of its terms may be punishable by contempt; (ii) given a copy of this Order; and (iii) agree in writing to be bound thereby by signing an undertaking in the form of Exhibit A hereto. The person to whom the information is disclosed shall not be given a copy of the document or information, nor be permitted to copy the document. The counsel of record who imparts such confidential information shall retain copies of the

      written agreement by the person to whom the information is disclosed;

g.    The Court, court personnel, and any other person who serves in a judicial or quasi-judicial function (such as a master or mediator), and the jury in the above-captioned actions;

h.    Court reporters (including stenographers and video technicians); and

i.    Any other person as to whom the parties agree in writing; provided, however, that such persons are (i) advised in advance of the terms of this Order and further advised that violation of its terms may be punishable by contempt; (ii) given a copy of this Order; and (iii) agree in writing to be bound thereby by signing an undertaking in the form of Exhibit A hereto.  The person to whom the information is disclosed shall not be given a copy of the document or information, nor be permitted to copy the document.  The counsel of record who imparts such confidential information shall retain copies of the written agreement by the person to whom the information is disclosed.

7.    A deponent may, during the deposition, be shown and be examined about Confidential Discovery Material if the material was designated as confidential by the

party currently or previously employing the deponent, or the deponent already knows the confidential information, or the deponent is (i) advised in advance of the terms of this Order and further advised that violation of its terms may be punishable by contempt; (ii) is given a copy of this Order; and (iii) asked to sign an undertaking in the form of Exhibit A hereto. The parties shall confer with respect to the procedures for handling Confidential Discovery Material at trial in the course of their final pretrial preparations, and the Court may enter orders for the handling of such material at trial.

8. Confidential Discovery Material need not be filed with the Clerk except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, Local Rule 37.1 or other matters pending before the Court. All papers filed in accordance with this paragraph shall state prominently on the first page "Confidential - FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the above-captioned actions and a statement substantially in the following form:

## CONFIDENTIAL

This envelope contains materials that are subject to a Confidentiality Order entered by the Courts in the above-captioned actions. These materials shall not be available for public inspection except by Order of the Court.

9. The provisions of this Order shall not terminate at the conclusion of these actions. Within 45 days after final conclusion of all aspects of the above-captioned actions, all Confidential Discovery Material and all copies of same (other than exhibits of record), and all compilations, photographs, sketches, or other materials which refer to or reflect Confidential Discovery Material (other than attorney work product, attorney-client communications, and communications protected by the joint defense or prosecution

privilege) shall be returned to the party, counsel or person who produced such documents or information, or be destroyed. Upon written request, all counsel of record shall describe in writing their good-faith efforts to comply with this paragraph, and shall deliver that writing to counsel of the party who produced the documents or information not more than 60 days after final termination of the above-captioned actions.

10. Nothing in this Order shall prevent any party, counsel or other person from seeking modification of or from objecting to discovery that it believes to be otherwise improper.

11. The counsel of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of Confidential Discovery Material. Counsel for all parties shall maintain all undertakings of Exhibit A as identified in Paragraph 6.

12. If any party objects to the designation of any Discovery Material as Confidential, the party shall state the objection by letter to counsel for the party making the designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the Discovery Material shall continue to be deemed Confidential. In any court proceeding regarding Confidential Discovery Material, the burden shall be on the party making the designation to demonstrate that any Discovery Material is and remains Confidential.

13. If Discovery Material subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity is produced in whole or in part, such production shall in no way prejudice or otherwise constitute a waiver of, or

an estoppel as to, any claim of privilege or immunity for such Discovery Material. If a party has produced Discovery Material subject to a claim of privilege or immunity, upon written request made by the producing party, the documents or information for which such a claim is made, including all copies, shall be promptly returned, and the contents of such Discovery Material shall not be used or disclosed; provided, however, that the receiving party may subsequently file a motion under seal to challenge the claim of privilege or immunity and compel production, but shall not assert as ground for such a motion that the producing party has waived any applicable privilege or immunity.

14. Any document or information designated "Confidential" by any third party produced in response to a subpoena will be afforded the same protection afforded a "Confidential" production made by the parties to the above-captioned actions. Any party to the above-captioned actions that issues such a subpoena shall advise the third party recipient of the existence, and provide the third party with a copy, of this Protective Order.

15. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial of the actions. Nothing herein shall constitute a waiver of any claim of privilege or other objection to or protection from discovery. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Discovery Materials. Nothing herein shall be construed as an admission or a recognition that materials so designated are confidential, but only that the parties agree to comply with the terms of this Order.

16. Notwithstanding the above Paragraphs, if any party (or counsel for any

party) receives a subpoena or other compulsory process demanding Confidential Discovery Material of any other party, the party or counsel that has received the subpoena or process shall give notice to the producing party and its counsel at least fourteen (14) days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than fourteen (14) days, notice shall be given to the producing party and its counsel in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. The subpoenaed party shall not produce any of the producing party's Confidential Discovery Material, unless otherwise court-ordered, for at least five days after providing the required notice to the producing party. If, within five days of receiving such notice, the producing party notifies the subpoenaed party that it opposes production of its Confidential Discovery Material, the subpoenaed party shall object to such production, citing this Order, and shall not thereafter produce such Confidential Discovery Material unless otherwise court-ordered. If such Confidential Discovery Material is produced to a nonparty to this Order in response to a subpoena or other compulsory process, such Discovery Material shall continue to be treated as Confidential under this Order.

17.     With respect to any documents, information, discovery responses and/or testimony that may have been provided or disclosed prior to the entry of this Protective Order, the parties agree that any such documents, information discovery responses, and/or testimony can subsequently be designated as Confidential Discovery Material in accordance with the terms of this Protective Order. Any change to the designation of a document (e.g., from no designation to "Confidential") is to be performed by the

designating party, and the designating party shall bear all costs to reproduce the documents with the new designation.

18. This Protective Order anticipates that at a deposition the party wishing to examine into areas designated Confidential Discovery Material will make a good faith effort to disclose to the other parties, at that stage of the deposition, its intention to investigate into those areas so that ineligible persons who may be present at the deposition may be excused prior to any discussion of Confidential Discovery Material. The parties recognize that it may not always be feasible to determine whether an inquiry will involve such information.

19. Nothing shall prevent disclosure beyond the terms of this Protective Order if the producing party consents to such disclosure in writing, or if the Court orders such disclosure. On notice, any party may apply to the Court for relief related to, or from, this Protective Order.

20. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure and shall make a reasonable effort to retrieve the Confidential Discovery Material and to prevent further disclosure by each unauthorized person who received such material or information.

21. The parties agree to submit this Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

22. The terms and conditions of this Protective Order shall survive and remain

in full force and effect after the termination of the above-captioned actions.

**SO ORDERED BY THE COURT:** _____
JOSEPH N. LAPLANTE,
United States District Judge
Dated: *Nov. 16*, 2009

**SO ORDERED BY THE COURT:** _____
WILLIAM J. GROFF,
Judge, Superior Court, Hillsborough
County, Southern District
Dated: _____, 2009

**STIPULATED AND AGREED TO:**

| FOR THE FEDERAL PUTATIVE CLASS | FOR THE FEDERAL DEFENDANTS GT SOLAR INTERNATIONAL, INC., GT SOLAR HOLDINGS, LLC, GFI ENERGY VENTURES LLC, OAKTREE CAPITAL MANAGEMENT, L.P., OCM/GFI POWER OPPORTUNITIES FUND II, L.P., OCM/GFI POWER OPPORTUNITIES FUND II (CAYMAN), L.P., THOMAS M. ZARRELLA, ROBERT W. WOODBURY, JR., EDWIN L. LEWIS, J. BRADFORD FORTH, ERNEST L. GODSHALK, RICHARD K. LANDERS, J. MICHAL CONAWAY, RICHARD ERNEST JOHNSON, and FUSEN E. CHEN |
|---|---|
| **LIAISON COUNSEL:** | |
| /s/ Kenneth G. Bouchard | |
| Kenneth G. Bouchard (NH Bar #51) | |
| **BOUCHARD, KLEINMAN AND WRIGHT PA** | |
| 1 Merrill Drive, Suite 6 | |
| Hampton, NH 03842 | |
| Telephone: (603) 926-9333 | |
| Facsimile: (603) 926-1221 | |
| E-mail: kbouchard@bestnhlaw.com | |
| **LEAD COUNSEL FOR LEAD PLAINTIFF:** | **LIAISON COUNSEL:** |
| /s/ Daniel S. Sommers | /s/ W. Scott O'Connell |
| Daniel S. Sommers (*Pro Hac Vice*) | W. Scott O'Connell (NH Bar #9070) |
| Steven J. Toll (*Pro Hac Vice*) | W. Daniel Deane (NH Bar #18700) |
| Mathew K. Handley (*Pro Hac Vice*) | **NIXON PEABODY LLP** |
| **COHEN MILSTEIN SELLERS & TOLL PLLC** | 900 Elm Street, 14th Floor |
| 1100 New York Avenue, N.W. | Manchester, NH 03101 |
| West Tower, Ste. 500 | Telephone: (603) 628-4000 |
| Washington, D.C. 20005-3964 | Facsimile: (603) 628-4041 |
| Telephone: (202) 408-4600 | E-mail: soconnell@nixonpeabody.com |
| Facsimile: (202) 408-4699 | E-mail: ddeane@nixonpeabody.com |
| E-mail: stoll@cohenmilstein.com | |
| E-mail: dsommers@cohenmilstein.com | |
| E-mail: mhandley@cohenmilstein.com | |

OF COUNSEL:

/s/ William H. Paine
William H. Paine (*Pro Hac Vice*)
Jeffrey B. Rudman (*Pro Hac Vice*)

James W. Prendergast (*Pro Hac Vice*)
Christopher B. Zimmerman (*Pro Hac Vice*)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street, 26th Floor
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
william.paine@wilmerhale.com
jeffrey.rudman@wilmerhale.com
christopher.zimmerman@wilmerhale.com
james.prendergast@wilmerhale.com


**FOR THE FEDERAL DEFENDANTS CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, BANC OF AMERICA SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., PIPER JAFFRAY & CO., and THOMAS WEISEL PARTNERS LLC**

**LIAISON COUNSEL:**

/s/ John L. Altieri, Jr.
John L. Altieri, Jr. (NH Bar #18075)
**BOUTIN & ALTIERI, P.L.L.C.**
118 Main Street, P. O. Box 1013
Meredith, NH 03253
Telephone: (603) 279-6192
jaltieri@boutinlaw.com

/s/ Edmund J. Boutin
Edmund J. Boutin (NH Bar #59)
**BOUTIN & ALTIERI, P.L.L.C.**
P.O. Box 1107
Londonderry, NH 03053
Telephone: (603) 432-9566
eboutin@boutinlaw.com

12781961.1

|  | **OF COUNSEL:** |
|---|---|
|  | /s/ Bradley J. Butwin |
|  | Bradley J. Butwin (*Pro Hac Vice*) |
|  | William J. Sushon (*Pro Hac Vice*) |
|  | B. Andrew Bednark (*Pro Hac Vice*) |
|  | **O'MELVENY & MYERS LLP** |
|  | 7 Times Square |
|  | New York, New York  10036 |
|  | Telephone:  (212) 326-2000 |
|  | Facsimile:  (212) 326-2061 |
|  | bbutwin@omm.com |
|  | wsushon@omm.com |
|  | abednark@omm.com |
| Dated:  November 13, 2009 |  |

12781961.1

| | |
|---|---|
| **FOR THE STATE PLAINTIFF JOYCE T. HAMEL** | **FOR THE STATE DEFENDANTS GT SOLAR INTERNATIONAL, INC., THOMAS M. ZARRELLA, ROBERT W. WOODBURY, JR., EDWIN L. LEWIS, J. BRADFORD FORTH, ERNEST L. GODSHALK, RICHARD K. LANDERS, J. MICHAL CONAWAY, and FUSEN E. CHEN** |

**FOR THE STATE PLAINTIFF JOYCE T. HAMEL**

**LIAISON COUNSEL:**

By:_____
Lucy J. Karl (NH Bar #5547)
**SHAHEEN & GORDON, P.A.**
107 Storrs Street
PO Box 2703
Concord, NH 03302-2703
Telephone: (603) 225-7262
Facsimile: (603) 225-5112

**OF COUNSEL:**

Walter W. Noss (*Pro Hac Vice*)
Geoffrey M. Johnson, Esquire (*Pro Hac Vice*)
**SCOTT + SCOTT LLP**
12434 Cedar Road, Ste 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092
E-mail: lmcalister@scott-scott.com

Arthur L. Shingler, III (*Pro Hac Vice*)
Luis E. Lorenzana (*Pro Hac Vice*)
**SCOTT + SCOTT LLP**
600 B Street, Suite 1500
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
E-mail: ashingler@scott-scott.com
E-mail: llorenzana@scott-scott.com

Amanda Lawrence (*Pro Hac Vice*)
**SCOTT + SCOTT LLP**
P. O. Box 192
108 Norwich Avenue
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
E-mail: drscott@scott-scott.com
E-mail: alawrence@scott-scott.com

**FOR THE STATE DEFENDANTS GT SOLAR INTERNATIONAL, INC., THOMAS M. ZARRELLA, ROBERT W. WOODBURY, JR., EDWIN L. LEWIS, J. BRADFORD FORTH, ERNEST L. GODSHALK, RICHARD K. LANDERS, J. MICHAL CONAWAY, and FUSEN E. CHEN**

**LIAISON COUNSEL:**

By:_____
W. Scott O'Connell (NH Bar# 9070)
W. Daniel Deane (NH Bar# 18700)
**NIXON PEABODY LLP**
900 Elm Street, 14th Floor
Manchester, NH 03101
Telephone: (603) 628-4000
Facsimile: (603) 628-4040

**OF COUNSEL:**

Jeffrey B. Rudman (*Pro Hac Vice*)
William H. Paine (*Pro Hac Vice*)
James W. Prendergast (*Pro Hac Vice*)
Christopher B. Zimmerman (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street, 26th Floor
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

**FOR THE STATE DEFENDANTS CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, BANC OF AMERICA SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., PIPER JAFFRAY & CO., and THOMAS WEISEL PARTNERS LLC**

**LIAISON COUNSEL:**

By:_____
Edmund J. Boutin (NH Bar #59)
**BOUTIN & ALTIERI, P.L.L.C.**
P.O. Box 1107
Londonderry, NH 03053
Telephone: (603) 432-9566

John L. Altieri, Jr. (NH Bar# 18075)
**BOUTIN & ALTIERI, P.L.L.C.**
118 Main Street, P. O. Box 1013
Meredith, NH 03253
Telephone: (603) 279-6192

**OF COUNSEL:**

Bradley J. Butwin (*Pro Hac Vice*)
William J. Sushon (*Pro Hac Vice*)
B. Andrew Bednark (*Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Dated: November 13, 2009

## CERTIFICATE OF SERVICE

     I hereby certify that on this 13th day of November, 2009, the within *Stipulated [Proposed] Protective Order Concerning Disclosure of Confidential Information* was filed through the **ECF system** and will be served electronically to all registered attorneys in the main case Braun v. GT Solar Int'l, Inc., *et al.*, No. 08-CV-00312-JL, and will also be filed conventionally with the Hillsborough County Superior Court, Southern District, with copies sent by first class mail, postage prepaid, to all counsel of record in Hamel v. GT Solar Int'l, Inc., *et al.*, No. 08-C-431.

/s/ W. Scott O'Connell
W. Scott O'Connell


_____
W. Scott O'Connell

12781961.1

# EXHIBIT A

12782204.1

**EXHIBIT "A"**

I, _____, acknowledge and declare as follows:
  (Print Name)

I have read the STIPULATED PROTECTIVE ORDER CONCERNING DISLCOSURE OF CONFIDENTIAL INFORMATION issued by the United States District Court for the District of New Hampshire in the matter of *Braun v. GT Solar International, Inc., et al.,* No. 1:08-CV-00312-JL (Main Case), and the New Hampshire Superior Court for Hillsborough County, Southern District, in the matter of *Hamel v. GT Solar International, Inc., et al.*, No. 08-C-431, regarding confidentiality of materials designated by the parties and their counsel. I understand and agree to be bound by the terms of this Order. I further irrevocably consent to the jurisdiction of the United States District Court for the District of New Hampshire and the New Hampshire Superior Court for Hillsborough County, Southern District, for the purpose of any proceeding to enforce or secure compliance with the terms of the Stipulation and Confidentiality Order, or to punish the breach of any of the terms of the Stipulation and Confidentiality Order.

I declare under penalty of perjury under the laws of the State of New Hampshire that the foregoing is true and correct. Executed on _____, _____.

_____
(Signature)