UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IRVING S. BRAUN, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>GT SOLAR INTERNATIONAL, INC., et al.,<br><br>     Defendants. | CIVIL ACTION NO. 1:08-CV-00312-JL<br><br>(MAIN CASE) |

## ANSWER

Defendants GT Solar International, Inc. ("GT Solar" or the "Company") and GT Solar Holdings, LLC ("GT Holdings"), along with Thomas M. Zarrella, J. Bradford Forth, Ernest L. Godshalk, J. Michal Conaway, Fusen E. Chen, Rickard K. Landers, Robert W. Woodbury, Edwin L. Lewis, and Richard E. Johnson (the "Individual Defendants"),[1] and GFI Energy Ventures LLC ("GFI"), Oaktree Capital Management, L.P. ("Oaktree"), OCM/GFI Power Opportunities II, L.P., and OCM/GFI Power Opportunities II (Cayman), L.P. (collectively, the "Defendants"), by and through their attorneys, hereby answer Lead Plaintiff Arkansas Public Employee Retirement System's ("Plaintiff") Consolidated Class Action Complaint ("Complaint"), based upon the information currently available to them, and assert their defenses below.  Defendants deny all allegations in the Complaint except as otherwise stated below.  In responding to the Complaint, Defendants neither admit that they bear the burden of proving any of the defenses set forth below, nor admit the relevance of any of Plaintiff's allegations.

---

[1] Defendants Thomas M. Zarrella, J. Bradford Forth, Ernest L. Godshalk, J. Michal Conaway, Fusen E. Chen, and Rickard K. Landers are known collectively as the "Director Defendants."

**FIRST DEFENSE**

Answering Plaintiff's preamble, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and on that basis deny them.

1.      Defendants deny each and every allegation contained in Paragraph 1, except admit that GT Solar filed a registration statement on July 23, 2008 and a prospectus on July 24, 2008 (the "Prospectus") (collectively, the "Registration Statement"), and that the Company conducted an initial public offering ("IPO") on July 24, 2008.

2.      To the extent Paragraph 2 purports to characterize the contents of the Registration Statement, the document speaks for itself and no response is required.  Defendants deny that the description is an accurate or complete description of the relevant portions of the document. Defendants deny each and every remaining allegation contained in Paragraph 2.

3.      Defendants deny each and every allegation contained in Paragraph 3, except admit that sales to LDK Solar Co., Ltd. ("LDK") accounted for 62% of the Company's revenue during the fiscal year ended March 31, 2008.

4.      Defendants deny each and every allegation contained in Paragraph 4.

5.      To the extent that Paragraph 5 purports to describe GT Solar's historical stock price, this information speaks for itself.  Defendants deny each and every remaining allegation contained in Paragraph 5.

6.      Defendants admit the allegations contained in Paragraph 6.

7.      To the extent Paragraph 7 purports to characterize the contents of the Prospectus, the document speaks for itself and no response is required.  Defendants deny that the

characterization is an accurate or complete description of the relevant portions of the document. Defendants deny each and every remaining allegation contained in Paragraph 7.

8.     To the extent Paragraph 8 purports to characterize the contents of the Registration Statement, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document. Defendants deny each and every remaining allegation contained in Paragraph 8.

9.     To the extent Paragraph 9 purports to characterize the contents of the Prospectus, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document. Defendants deny each and every remaining allegation contained in Paragraph 9.

10.     To the extent Paragraph 10 purports to characterize the contents of the Registration Statement, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document. Defendants deny each and every remaining allegation contained in Paragraph 10.

11.     To the extent Paragraph 11 purports to characterize the contents of the Registration Statement, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document. Defendants deny each and every remaining allegation contained in Paragraph 11.

12.     To the extent Paragraph 12 purports to characterize the contents of the Registration Statement, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document. Defendants deny each and every remaining allegation contained in Paragraph 12.

13.     Defendants deny each and every allegation contained in Paragraph 13, except admit that GT Solar entered a contractual relationship with LDK in June 2005, that sales to LDK accounted for 62% of the Company's revenue during the fiscal year ended March 31, 2008 and that GT Solar recorded a profit for that year.

14.     To the extent Paragraph 14 purports to characterize the contents of the Registration Statement, the document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.  Defendants deny each and every remaining allegation contained in Paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 15, and on that basis deny them.

16.     To the extent Paragraph 16 purports to characterize the contents of LDK's 2007 Annual Report, the document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 16, and on that basis deny them.

17.     To the extent Paragraph 17 purports to characterize the contents of LDK's 2007 Annual Report, the document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 17, and on that basis deny them, except admit that LDK had certain purchase obligations to GT Solar as of December 31, 2007 that included DSS furnaces.

18.     To the extent Paragraph 18 purports to characterize the contents of LDK's 2007 Annual Report, the document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.  Defendants deny each and every remaining allegation contained in Paragraph 18 on the grounds that the phrase "cooperative activities" is vague and ambiguous.

19.     To the extent Paragraph 19 purports to characterize the contents of the Registration Statement, the document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.  Defendants deny each and every remaining allegation contained in Paragraph 19.

20.     To the extent Paragraph 20 purports to characterize the contents of the July 25, 2008 press release issued by LDK, the document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20, and on that basis deny them.

21.     To the extent that Paragraph 21 purports to describe GT Solar's historical stock price, this information speaks for itself.  Defendants deny each and every remaining allegation contained in Paragraph 21.

22.     Defendants deny each and every allegation contained in Paragraph 22, except admit that GT Solar issued a press release on July 25, 2008.  To the extent Paragraph 22 purports to characterize the press release, the document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.

23.     Paragraph 23 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

24.     Paragraph 24 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

25.     Paragraph 25 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied, except Defendants admit that the Company's principal executive offices are located at 243 Daniel Webster Highway, Merrimack, New Hampshire.

26.     Paragraph 26 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

27.     To the extent Paragraph 27 purports to describe the actions of Plaintiff, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, and on that basis deny them.  Defendants deny each and every remaining allegation contained in Paragraph 27.

28.     Paragraph 28 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied, except Defendants admit that the Company is a Delaware corporation and its principal place of business is located in Merrimack, New Hampshire.

29.     Defendants deny each and every allegation contained in Paragraph 29, except admit that Thomas M. Zarrella was appointed Chief Executive Officer and Director of the Company in April 2007 and previously served as its President and Chief Operating Officer since August 2004.

30.    Defendants deny each and every allegation contained in Paragraph 30, except admit that J. Bradford Forth has served as a Director of GT Solar since March 2006 and as Chairman of the Board of Directors since January 2007, and Mr. Forth was a partner at GFI from March 2006 until the time the Complaint was filed.

31.    Defendants deny each and every allegation contained in Paragraph 31, except admit that Ernest L. Godshalk has served as a Director of the Company since July 2006.

32.    Defendants deny each and every allegation contained in Paragraph 32, except admit that J. Michale Conaway has served as a Director of the Company since May 2008.

33.    Defendants deny each and every allegation contained in Paragraph 33, except admit that Fusen E. Chen has served as a Director of the Company since May 2008.

34.    Defendants deny each and every allegation contained in Paragraph 34, except admit that Richard K. Landers has served as a Director of the Company since March 2006, was a founding partner of GFI and is a member of the management committee of OCM/GFI Power Opportunities II, L.P. and OCM/GFI Power Opportunities II (Cayman), L.P. (collectively the "OCM/GFI Funds"), which are together the managing member of GT Holdings.

35.    Defendants deny each and every allegation contained in Paragraph 35, except admit that Robert W. Woodbury, Jr. was appointed Chief Financial Officer of the Company in January 2008.

36.    Defendants deny each and every allegation contained in Paragraph 36, except admit that Edwin L. Lewis was appointed Vice President and General Counsel of the Company in November 2007 and Secretary of the Company in February 2008.

37.     Defendants deny each and every allegation contained in Paragraph 37, except admit that Richard E. Johnson is the Vice President, Finance and Corporate Controller of the Company.

38.     Paragraph 38 makes no substantive allegations and no response is required.  To the extent a response is required, the allegations are denied.

39.     Paragraph 39 makes no substantive allegations and no response is required.  To the extent a response is required, the allegations are denied.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40, and on that basis deny them, except admit that Credit Suisse Securities (USA) LLC acted as an underwriter in connection with the Company's IPO.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41, and on that basis deny them, except admit that UBS Securities LLC acted as an underwriter in connection with the Company's IPO.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and on that basis deny them, except admit that Banc of America Securities LLC acted as an underwriter in connection with the Company's IPO.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43, and on that basis deny them, except admit that Deutsche Bank Securities Inc. acted as an underwriter in connection with the Company's IPO.

44.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44, and on that basis deny them, except admit that Piper Jaffray & Co. acted as an underwriter in connection with the Company's IPO.

45.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45, and on that basis deny them, except admit that Thomas Weisel Partners LLC acted as an underwriter in connection with the Company's IPO.

46.    Paragraph 46 makes no substantive allegations and no response is required. To the extent a response is required, the allegations are denied.

47.    To the extent Paragraph 47 purports to characterize the contents of GT Solar's Form 424B4, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 47, and on that basis deny them.

48.    Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied, except Defendants admit that GT Holdings is a Delaware limited liability company, which owned 142,290,000 shares of GT Solar common stock, or a 99.9% voting interest in GT Solar, immediately prior to the Company's IPO, and a 78.3% voting interest in GT Solar upon completion of the IPO.

49.    Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied, except Defendants admit that GFI, now named G3W Ventures LLC, is a Delaware limited liability company with its principal place of

business in Los Angeles, California, and a private equity investment firm focused on the energy

sector that manages certain investment funds.

50.     Paragraph 50 states a legal conclusion to which no response is required.  To the

extent a response is required, the allegations are denied, except Defendants admit that Oaktree is

a Delaware limited partnership with its principal place of business in Los Angeles, California,

and a global alternative and non-traditional investment manager that manages certain investment

funds.

51.     Defendants admit the allegations contained in Paragraph 51.

52.     Paragraph 52 makes no substantive allegations and no response is required.  To

the extent a response is required, the allegations are denied.

53.     Paragraph 53 states a legal conclusion to which no response is required.  To the

extent a response is required, the allegations are denied, except Defendants admit that J.

Bradford Forth and Richard K. Landers were Directors of GT Solar and partners at GFI at the

time the Complaint was filed and that GT Holdings beneficially owned 99.9% and 78.3% of the

shares of GT Solar common stock immediately before and after the Company's IPO,

respectively.

54.     Defendants lack knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 54, and on that basis deny them.

55.     To the extent Paragraph 55 purports to allege the position, title, responsibilities or

statements of an undisclosed former employee, Defendants lack knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny them,

except admit that Chandra Khattak is the Chief Technologist at the Company.  Responding

further, to the extent Paragraph 55 purports to characterize the contents of a bulletin, the

document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document. Defendants deny each and every remaining allegation contained in Paragraph 55.

56.    To the extent Paragraph 56 purports to allege the position, title, responsibilities or statements of an undisclosed former employee, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny them. Defendants deny each and every remaining allegation contained in Paragraph 56.

57.    To the extent Paragraph 57 purports to allege the position, title, responsibilities, statements or background of an undisclosed former employee, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny them, except admit that Kourosh Kamshad is the Vice President of Engineering at the Company.  Responding further, to the extent Paragraph 57 purports to characterize the contents of a presentation, the document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.  Defendants deny each and every remaining allegation contained in Paragraph 57.

58.    To the extent Paragraph 58 purports to allege the position, title, responsibilities or statements of an undisclosed former employee, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny them. Defendants deny each and every remaining allegation contained in Paragraph 58.

59.    To the extent Paragraph 59 purports to allege the position, title, responsibilities or statements of an undisclosed former employee, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny them. Defendants deny each and every remaining allegation contained in Paragraph 59.

60.    To the extent Paragraph 60 purports to allege the position, title, responsibilities or statements of an undisclosed former employee, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny them. Responding further, to the extent Paragraph 60 purports to characterize the contents of a letter or bulletin, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document. Defendants deny each and every remaining allegation contained in Paragraph 60.

61.    Defendants deny each and every allegation contained in Paragraph 61.

62.    Defendants deny each and every allegation contained in Paragraph 62.

63.    Defendants deny each and every allegation contained in Paragraph 63, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW1, and on that basis deny them. Responding further, to the extent Paragraph 63 purports to characterize the contents of a bulletin, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.

64.    Defendants deny each and every allegation contained in Paragraph 64, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW5, and on that basis deny them.

65.    Defendants deny each and every allegation contained in Paragraph 65, except admit that the Company shipped products to China. Responding further, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of

allegations concerning any description of allegations made or beliefs held by CW3, and on that basis deny them.

66.    Defendants deny each and every allegation contained in Paragraph 66, except admit that an explosion occurred in Taiwan in December of 2006.  Responding further, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW3, and on that basis deny them.

67.    Defendants deny each and every allegation contained in Paragraph 67, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW6, and on that basis deny them.  Responding further, to the extent Paragraph 67 purports to characterize the contents of a letter or bulletin, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.

68.    Defendants deny each and every allegation contained in Paragraph 68, except admit that Bernard Jones is a former employee of the Company who was employed as an engineering manager.  Responding further, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW3, CW4 or CW6, and on that basis deny them.

69.    Defendants deny each and every allegation contained in Paragraph 69, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity

of allegations concerning any description of allegations made or beliefs held by CW4, and on that basis deny them.

70.     Defendants deny each and every allegation contained in Paragraph 70, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW4, and on that basis deny them.  Responding further, to the extent Paragraph 70 purports to characterize the contents of an email, the document speaks for itself and no response is required.  Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.

71.     Defendants deny each and every allegation contained in Paragraph 71, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW3 or CW4, and on that basis deny them.

72.     Defendants deny each and every allegation contained in Paragraph 72.

73.     Defendants deny each and every allegation contained in Paragraph 73, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW2, and on that basis deny them.

74.     Defendants deny each and every allegation contained in Paragraph 74, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW5, and on that basis deny them.

75.    Defendants deny each and every allegation contained in Paragraph 75 and state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW5, and on that basis deny them.

76.    Defendants deny each and every allegation contained in Paragraph 76, except admit that Green Energy Technology is a client of the Company's located in Taiwan. Responding further, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW4, and on that basis deny them.

77.    Defendants deny each and every allegation contained in Paragraph 77, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning any description of allegations made or beliefs held by CW3, and on that basis deny them.

78.    Defendants deny each and every allegation contained in Paragraph 78, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning any description of allegations made or beliefs held by CW3, and on that basis deny them.  Responding further, to the extent Paragraph 78 purports to characterize the contents of a presentation, the document speaks for itself and no response is required. Defendants deny that the characterization is an accurate or complete description of the relevant portions of the document.

79.    Defendants deny each and every allegation contained in Paragraph 79, except admit that Yuepeng Wan is a former employee of the Company who worked in research and development.  Responding further, Defendants state that they lack knowledge or information

sufficient to form a belief as to the truth of the allegations concerning any description of allegations made or beliefs held by CW3, and on that basis deny them.

80.     Defendants deny each and every allegation contained in Paragraph 80.

81.     Defendants deny each and every allegation contained in Paragraph 81.

82.     Defendants deny each and every allegation contained in Paragraph 82.

83.     Defendants deny each and every allegation contained in Paragraph 83.

84.     Defendants deny each and every allegation contained in Paragraph 84.

85.     Paragraph 85 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

86.     Paragraph 86 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

87.     Paragraph 87 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

88.     Paragraph 88 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

89.     Paragraph 89 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

90.     Paragraph 90 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

91.     Paragraph 91 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

**Count I**

92.     Defendants incorporate by reference their responses to Paragraphs 1 through 91 as though fully stated herein.

93.     Paragraph 93 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

94.     Paragraph 94 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

95.     Defendants deny each and every allegation contained in Paragraph 95.

96.     Defendants deny each and every allegation contained in Paragraph 96, except admit that GT Solar is the registrant for the IPO.

97.     Defendants deny each and every allegation contained in Paragraph 97.

98.     Paragraph 98 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

99.     Defendants deny each and every allegation contained in Paragraph 99, except admit that the Director Defendants were Directors of GT Solar when they signed the Registration Statement.

100.    Paragraph 100 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

101.    Paragraph 101 states a legal conclusion to which no response is required.  To the extent a response is required and insofar as the allegations contained in Paragraph 101 are directed at the Defendants, the allegations are denied.

102.    Defendants deny each and every allegation contained in Paragraph 102.

103.    Defendants deny each and every allegation contained in Paragraph 103.

104.    Paragraph 104 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

105.    Defendants deny each and every allegation contained in Paragraph 105.

106.    Defendants deny each and every allegation contained in Paragraph 106.

**Count II**

107.    Defendants incorporate by reference their responses to Paragraphs 1 through 106 as if set forth fully herein.

108.    Paragraph 108 states a legal conclusion to which no response is required.  To the extent a response is required, and insofar as the allegations contained in Paragraph 108 are directed at the Defendants, the allegations are denied.

109.    Paragraph 109 states a legal conclusion to which no response is required.  To the extent a response is required, and insofar as the allegations contained in Paragraph 109 are directed at the Defendants, the allegations are denied.

110.    Insofar as the allegations contained in Paragraph 110 are directed at the Defendants, the allegations are denied.

111.    Insofar as the allegations contained in Paragraph 111 are directed at the Defendants, the allegations are denied.

112.    Insofar as the allegations contained in Paragraph 112 are directed at the Defendants, the allegations are denied.

113.    Paragraph 113 contains a prayer for relief to which no response is required.  To the extent a response is required, and insofar as the allegations contained in Paragraph 113 are directed at the Defendants, the allegations are denied.

114.    Insofar as the allegations contained in Paragraph 114 are directed at the Defendants, the allegations are denied.

**Count III**

115.    Defendants incorporate by reference their responses to Paragraphs 1 through 114 as if set forth fully herein.

116.    Paragraph 116 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

117.    Paragraph 117 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

118.    Paragraph 118 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 118, except admit that, prior to and at the time of the IPO, Mr. Zarrella was the Chief Executive Officer and a Director, Mr. Forth was a Director and Chairman of the Board, Mr. Woodbury was Chief Financial Officer, Mr. Lewis was Vice President, General Counsel and Secretary, Mr. Johnson was Vice President, Finance and Corporate Controller, and, Messrs. Godshalk, Conaway, Chen and Landers were Directors of GT Solar.

119.    Paragraph 119 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 119, except admit that Messrs. Zarrella, Forth, Woodbury, Lewis, and Johnson participated in the operation and management of the Company.

120.    Paragraph 120 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 120.

121.    Paragraph 121 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 121, except admit that Messrs. Forth and Landers were partners of GFI and are Directors of GT Solar.

122.    Paragraph 122 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 122.

123.    Paragraph 123 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 123.

124.    Defendants deny each and every allegation contained in Paragraph 124.

125.    Defendants deny each and every allegation contained in Paragraph 125.

**Count IV**

126.    Defendants incorporate by reference their responses to Paragraphs 1 through 125 as if set forth fully herein.

127.    Paragraph 127 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 127.

128.    Paragraph 128 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 128.

129.    Paragraph 129 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 129.

130.    Paragraph 130 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 130.

131.    Paragraph 131 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 131.

132.    Paragraph 132 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 132.

133.    Defendants deny each and every allegation contained in Paragraph 133.

134.    Defendants deny each and every allegation contained in Paragraph 134.

**Prayer for Relief**

Answering Plaintiff's Prayer for Relief, to the extent a response is required, Defendants deny each and every allegation contained therein.  Defendants further deny that Plaintiff is

entitled to any form of relief whatsoever, and specifically deny that Plaintiff is entitled to each separate form of relief requested.

## Jury Demand

To the extent a response is required to Plaintiff's putative jury demand, Defendants deny that all of Plaintiff's claims and prayers for relief carry a right to jury trial, and on that basis deny Plaintiff's demand for a jury as to all claims in this matter.

Defendants do not waive any defenses and reserve the right to amend their Answer and defenses as necessary once the precise nature of the relevant circumstances or events is determined through discovery.

## SECOND DEFENSE

Plaintiff fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendants did not make any untrue statements, misrepresentations or material omissions.

## FOURTH DEFENSE

This action may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

This action is barred, in whole or in part, because Defendants believed, at the time any statements alleged in the Complaint were made, if any, that such statements were true and complete.

**SIXTH DEFENSE**

This action is barred, in whole or in part, because at all relevant times the claimed misrepresentations or omissions allegedly made by Defendants, if any, were immaterial as a matter of law.

**SEVENTH DEFENSE**

This action is barred, in whole or in part, because there was no duty to disclose the allegedly omitted information, if any, and the Defendants complied faithfully with, and did not breach, any duty to which they were subject.

**EIGHTH DEFENSE**

This action is barred, in whole or in part, because Defendants at all times acted in good faith and without scienter.

**NINTH DEFENSE**

This action is barred, in whole or in part, by lack of actual or proximate causation, transaction causation, loss causation and by the statutory defense of negative causation pursuant to 15 U.S.C. §§ 77k(e), 77l(b).

**TENTH DEFENSE**

Plaintiff's alleged damages result from causes other than any alleged untrue statement, misrepresentations or omissions made by Defendants.

**ELEVENTH DEFENSE**

Plaintiff's alleged damages were caused by market conditions and were not the result of any act or omission attributable to Defendants.

## TWELFTH DEFENSE

This action is barred, in whole or in part, because the Defendants are not controlling persons within the meaning of 15 U.S.C. § 77o.

## THIRTEENTH DEFENSE

This action is barred, in whole or in part, pursuant to various statutory defenses, including under 15 U.S.C. §§ 77k(b)(3).

## FOURTEENTH DEFENSE

This action is barred, in whole or in part, because Plaintiff lacks standing to bring the claims asserted in the Complaint.

## FIFTEENTH DEFENSE

This action is barred in whole or in part because Plaintiff has failed to mitigate damages, if any, resulting from Defendant's conduct.

## SIXTEENTH DEFENSE

This action is barred, in whole or in part, because the Complaint fails to plead fraud or its predicate acts with sufficient particularity.

## SEVENTEENTH DEFENSE

This action is barred, in whole or in part, because at all relevant times the alleged public disclosures bespoke caution by warning of the risks related to investment in GT Solar securities.

## EIGHTEENTH DEFENSE

This action is barred, in part, because Plaintiff has not alleged or shown that Defendant Edwin L. Lewis was a culpable participant in any of the alleged misconduct.

## NINETEENTH DEFENSE

The Plaintiff has not suffered any injury or damage and otherwise lacks standing to recover on some or all of its claims.

## TWENTIETH DEFENSE

Defendants hereby adopt by reference any applicable defense pleaded by any other defendants not expressly set forth herein.

**WHEREFORE**, Defendants respectfully request that Plaintiff take nothing by reason of its Complaint and that judgment be entered in Defendants' favor dismissing the Complaint with prejudice, awarding Defendants their reasonable attorneys' fees and costs, and granting such other relief as the Court deems proper and just.

Respectfully submitted,

**COUNSEL FOR THE DEFENDANTS:**

**GT SOLAR INTERNATIONAL, INC., GT SOLAR HOLDINGS, LLC, GFI ENERGY VENTURES LLC, OAKTREE CAPITAL MANAGEMENT, L.P., OCM/GFI POWER OPPORTUNITIES FUND II, L.P., OCM/GFI POWER OPPORTUNITIES FUND II (CAYMAN), L.P., THOMAS M. ZARRELLA, ROBERT W. WOODBURY, JR., EDWIN L. LEWIS, J. BRADFORD FORTH, ERNEST L. GODSHALK, RICHARD K. LANDERS, J. MICHAL CONAWAY, RICHARD ERNEST JOHNSON, and FUSEN E. CHEN:**

 /s/ W. Scott O'Connell
W. Scott O'Connell (NH Bar #9070)
W. Daniel Deane (NH Bar #18700)
**Nixon Peabody LLP**
900 Elm Street, 14th Floor
Manchester, NH 03101
Telephone:  (603) 628-4000
Facsimile:  (603) 628-4041
E-mail: soconnell@nixonpeabody.com
E-mail: ddeane@nixonpeabody.com

**OF COUNSEL FOR THE DEFENDANTS:**

**GT SOLAR INTERNATIONAL, INC., GT SOLAR HOLDINGS, LLC, GFI ENERGY VENTURES LLC, OAKTREE CAPITAL MANAGEMENT, L.P., OCM/GFI POWER OPPORTUNITIES FUND II, L.P., OCM/GFI POWER OPPORTUNITIES FUND II (CAYMAN), L.P., THOMAS M. ZARRELLA, ROBERT W. WOODBURY, JR., EDWIN L. LEWIS, J. BRADFORD FORTH, ERNEST L. GODSHALK, RICHARD K. LANDERS, J. MICHAL CONAWAY, RICHARD ERNEST JOHNSON, and FUSEN E. CHEN:**

/s/ William H. Paine
William H. Paine (*Pro Hac Vice*)
Jeffrey B. Rudman (*Pro Hac Vice*)
Christopher B. Zimmerman (*Pro Hac Vice*)
James W. Prendergast (*Pro Hac Vice*)
**Wilmer Cutler Pickering**
 **Hale and Dorr LLP**
60 State Street, 26th Floor
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000
william.paine@wilmerhale.com
jeffrey.rudman@wilmerhale.com
christopher.zimmerman@wilmerhale.com
james.prendergast@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Answer* was filed through the ECF system and will be served electronically to all registered attorneys in the main case under Civil Action No. 1:08-CV-00312-JL.

Date: November 23, 2009                              /s/ W. Scott O'Connell