**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                                      :
                                                      :
                                                      :
IRVING S. BRAUN, individually and on behalf           :
of all others similarly situated,                     :
                                                      :        Civil No.: 08-cv-00312
                        Plaintiff,                    :
                                                      :
                                                      :
              v.                                      :
                                                      :
GT SOLAR INTERNATIONAL, INC., et al.,                 :
                                                      :
                        Defendants.                   :
                                                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
```

**ANSWER OF DEFENDANT DEUTSCHE BANK SECURITIES INC.**
**TO THE CONSOLIDATED AMENDED COMPLAINT**

Defendant Deutsche Bank Securities Inc. ("Deutsche Bank"), through its attorneys,

answers Plaintiff's December 22, 2008 Consolidated Class Action Complaint (the "Complaint")

as follows:

1.    Deutsche Bank denies the allegations in paragraph 1 of the Complaint, except

admits that (i) GT Solar International, Inc. ("GT Solar" or the "Company") conducted an initial

public offering on July 24, 2008 (the "IPO") and filed a registration statement on July 23, 2008,

and a prospectus on July 24, 2008 (the "Prospectus") (collectively, the "Registration

Statement"); and (ii) Plaintiff asserts putative class-action claims on behalf of all persons or

entities who purchased or otherwise acquired the GT Solar common stock pursuant or traceable

to the Registration Statement.

2.     Deutsche Bank admits the allegations in the first two sentences in paragraph 2 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence.

3.     Deutsche Bank denies the allegations in paragraph 3 of the Complaint, and respectfully refers the Court to the Registration Statement for a true and complete statement of its contents.

4.     Deutsche Bank denies the allegations in paragraph 4 of the Complaint, except admits that LDK issued a press release on July 25, 2008, to which Deutsche Bank respectfully refers the Court for a true and complete statement of its contents.

5.     Deutsche Bank denies the allegations in paragraph 5 of the Complaint, except admits that GT Solar's share intra-day trading price was $9.30 at one point on July 25, 2008, and that GT Solar's stock price closed at $12.59 that day.

6.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint, except admits that (i) GT Solar provides technology, turnkey, and equipment solutions to companies involved in the solar photovoltaic industry, and its principal products are directional solidification systems ("DSS") furnaces, chemical vapor deposition ("CVD") reactors, and related equipment; (ii) DSS furnaces melt polysilicon and cast multicrystalline ingots from which solar wafers are made; and (iii) CVD reactors are used to react gases at high temperatures and pressures to produce polysilicon, the primary raw material used in solar cells.

7.     Deutsche Bank denies the allegations in paragraph 7 of the Complaint, and respectfully refers the Court to the Prospectus for a true and complete statement of its contents.

8.     Deutsche Bank denies the allegations in paragraph 8 of the Complaint, and respectfully refers the Court to the Registration Statement for a true and complete statement of its contents.

9.     Deutsche Bank denies the allegations in paragraph 9 of the Complaint, and respectfully refers the Court to the Prospectus for a true and complete statement of its contents.

10.    Deutsche Bank denies the allegations in paragraph 10 of the Complaint, and respectfully refers the Court to the Registration Statement for a true and complete statement of its contents.

11.    Deutsche Bank denies the allegations in paragraph 11 of the Complaint, and respectfully refers the Court to the Registration Statement for a true and complete statement of its contents.

12.    Deutsche Bank denies the allegations in paragraph 12 of the Complaint, and respectfully refers the Court to the Registration Statement for a true and complete statement of its contents.

13.    Deutsche Bank denies the allegations in paragraph 13 of the Complaint, except admits that (i) GT Solar entered into equipment and technology purchase contracts with LDK beginning in June 2005; (ii) LDK accounted for 62% of GT Solar's revenue during the fiscal year ending March 31, 2008; and (iii) GT Solar recorded a profit for that year.

14.    Deutsche Bank denies the allegations in paragraph 14 of the Complaint, and respectfully refers the Court to the Registration Statement for a true and complete statement of its contents.

15.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint.

16.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, except admits that on April 7, 2008, LDK filed with the SEC a 2007 Annual Report on Form 20-F and respectfully refers the Court to that Annual Report for a true and complete statement of its contents.

17.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint, except admits that as of December 31, 2007, LDK had current DSS furnace equipment purchase orders with GT Solar, and respectfully refers the Court to LDK's 2007 Annual Report for a true and complete statement of its contents.

18.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint, and respectfully refers the Court to LDK's 2007 Annual Report for a true and complete statement of its contents.

19.     Deutsche Bank denies the allegations in paragraph 19 of the Complaint, and respectfully refers the Court to the Registration Statement for a true and complete statement of its contents.

20.     Deutsche Bank denies the allegations in paragraph 20 of the Complaint, except admits that LDK issued a press release on July 25, 2008, and respectfully refers the Court to that press release for a true and complete statement of its contents.

21.     Deutsche Bank denies the allegations in paragraph 21 of the Complaint, except (i) admits that GT Solar's share intra-day trading price was $9.30 at one point on July 25, 2008, and that GT Solar's stock price closed at $12.59 that day; and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation regarding the volume of trading in GT Solar's stock.

22.     Deutsche Bank denies the allegations in paragraph 22 of the Complaint, except admits that GT Solar issued a press release on July 25, 2008, and respectfully refers the Court to that press release for a true and complete statement of its contents.

23.     Deutsche Bank avers that paragraph 23 of the Complaint states a legal conclusion to which no responsive pleading is required.

24.     Deutsche Bank avers that paragraph 24 of the Complaint states a legal conclusion to which no responsive pleading is required.

25.     Deutsche Bank avers that paragraph 25 of the Complaint states a legal conclusion to which no responsive pleading is required, except admits that GT Solar's principal executive offices are located in the District of New Hampshire at 243 Daniel Webster Highway in Merrimack, New Hampshire.

26.     Deutsche Bank denies the allegations in paragraph 26 of the Complaint.

27.     Deutsche Bank denies the allegations in paragraph 27 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiffs' stock purchases.

28.     Deutsche Bank avers that paragraph 28 of the Complaint states a legal conclusion to which no responsive pleading is required, except admits that GT Solar is a Delaware corporation with its executive offices and principal place of business in Merrimack, New Hampshire.

29.     Deutsche Bank denies the allegations in paragraph 29 of the Complaint, except admits that Defendant Thomas M. Zarrella was appointed Chief Executive Officer and a director of GT Solar in April 2007 after joining GT Solar as President and Chief Operating Officer in August 2004.

30.     Deutsche Bank denies the allegations in paragraph 30 of the Complaint, except admits that Defendant J. Bradford Forth has served as a director of GT Solar since March 2006 and as Chairman of the Board since January 2007, and as a partner in GFI Energy Ventures LLC since 2006.

31.     Deutsche Bank denies the allegations in paragraph 31 of the Complaint, except admits that Defendant Ernest L. Godshalk has served as a director of GT Solar since July 2006.

32.     Deutsche Bank denies the allegations in paragraph 32 of the Complaint, except admits that Defendant J. Michal Conaway has served as a director of GT Solar since May 2008.

33.     Deutsche Bank denies the allegations in paragraph 33 of the Complaint, except admits that Defendant Fusen E. Chen has served as a director of GT Solar since May 2008.

34.     Deutsche Bank denies the allegations in paragraph 34 of the Complaint, except admits that Defendant Richard K. Landers has served as a director of GT Solar since March 2006, is a founding partner of GFI, and is on the management committee of OCM/GFI Power Opportunities II, L.P. and OCM/GFI Power Opportunities II (Cayman) L.P. (collectively the "OCM/GFI Funds"), which is the managing member of GT Holdings.

35.     Deutsche Bank denies the allegations in paragraph 35 of the Complaint, except admits that Defendant Robert W. Woodbury, Jr. was appointed Chief Financial Officer of GT Solar in January 2008.

36.     Deutsche Bank denies the allegations in paragraph 36 of the Complaint, except admits that Defendant Edwin L. Lewis was appointed Vice President and General Counsel of GT Solar in November 2007 and was appointed Secretary of GT Solar in February 2008.

37.     Deutsche Bank denies the allegations in paragraph 37 of the Complaint, except admits that Defendant Richard E. Johnson is the Vice President, Finance and Corporate Controller of GT Solar.

38.     Deutsche Bank avers that the statement in paragraph 38 does not require a responsive pleading.

39.     Deutsche Bank avers that the statement in paragraph 39 does not require a responsive pleading.

40.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint, except admits that Credit Suisse Securities (USA) LLC ("Credit Suisse") acted as an underwriter in connection with GT Solar's IPO.

41.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Complaint, except admits that UBS Securities LLC ("UBS") acted as an underwriter in connection with GT Solar's IPO.

42.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Complaint, except admits that Banc of America Securities LLC ("BAS") acted as an underwriter in connection with GT Solar's IPO.

43.     Deutsche Bank denies the allegations in paragraph 43 of the Complaint, except admits that Deutsche Bank (i) is the U.S. investment banking arm of Deutsche Bank AG, and (ii) acted as an underwriter in connection with GT Solar's IPO.

44.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Complaint, except admits that Piper Jaffray & Co. ("Piper") acted as an underwriter in connection with GT Solar's IPO.

45.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint, except admits that Thomas Weisel Partners LLC ("Thomas Weisel") acted as an underwriter in connection with GT Solar's IPO.

46.    Deutsche Bank avers that the statement in paragraph 46 of the Complaint does not require a responsive pleading.

47.    Deutsche Bank admits the allegations in paragraph 47 of the Complaint, and respectfully refers the court to GT Solar's Form 424B4 for a true and complete and accurate statement of its contents.

48.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Complaint, except admits (i) the allegations in the first sentence of paragraph 48, (ii) that GT Holdings owned 142,290,000 shares of GT Solar's common stock before the IPO, representing a 99.9% voting interest in GT Solar, and (iii) that following the IPO, GT Holdings had a 78.3% voting interest in GT Solar.

49.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 of the Complaint, except admits that (i) GFI Energy Ventures ("GFI") is a Delaware limited liability corporation with its principal place of business in Los Angeles, California; and (ii) GFI is a private equity investment firm focused on the energy sector.

50.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 of the Complaint, except admits that (i) Oaktree Capital Management ("Oaktree") is a limited partnership with its principal place of

business in Los Angeles, California; and (ii) Oaktree is a global alternative and non-traditional investment manager.

51.     Deutsche Bank admits the allegations in Paragraph 51 of the Complaint.

52.     Deutsche Bank avers that the statement in paragraph 52 of the Complaint does not require a responsive pleading.

53.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Complaint, except admits that (i) Richard K. Landers and J. Bradford Forth are both partners at GFI and both served on GT Solar's Board of Directors at the completion of the IPO, and (ii) GT Holdings owned 99.9% of GT Solar shares before the IPO, and 78.3% of the shares after the IPO.

54.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Complaint.

55.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint regarding the identity of or statements allegedly made by Confidential Witness 1 ("CW1"), and otherwise denies the allegations in paragraph 55 of the Complaint.

56.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Complaint regarding the identity of or statements allegedly made by Confidential Witness 2 ("CW2"), and otherwise denies the allegations in paragraph 56 of the Complaint.

57.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint regarding the identity of or

statements allegedly made by Confidential Witness 3 ("CW3"), and otherwise denies the allegations in paragraph 57 of the Complaint.

58.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 of the Complaint regarding the identity of or statements allegedly made by Confidential Witness 4 ("CW4"), and otherwise denies the allegations in paragraph 58 of the Complaint.

59.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Complaint regarding the identity of or statements allegedly made by Confidential Witness 5 ("CW5"), and otherwise denies the allegations in paragraph 59 of the Complaint.

60.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 of the Complaint regarding the identity of or statements allegedly made by Confidential Witness 6 ("CW6"), and otherwise denies the allegations in paragraph 60 of the Complaint.

61.     Deutsche Bank denies the allegations in paragraph 61 of the Complaint.

62.     Deutsche Bank denies the allegations in paragraph 62 of the Complaint.

63.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 of the Complaint as to the identity of, and statements allegedly made by, CW1, and otherwise denies the allegations of paragraph 63 of the Complaint.

64.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 of the Complaint as to the identity of, and

statements allegedly made by, CW5, and otherwise denies the allegations of paragraph 64 of the Complaint.

65.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 of the Complaint as to the identity of, and statements allegedly made by, CW3, and otherwise denies the allegations of paragraph 65 of the Complaint.

66.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 of the Complaint as to the identity of, and statements allegedly made by, CW3, and otherwise denies the allegations of paragraph 66 of the Complaint.

67.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67 of the Complaint as to the identity of, and statements allegedly made by, CW6, and otherwise denies the allegations of paragraph 67 of the Complaint.

68.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 of the Complaint as to the identity of, and statements allegedly made by, CW3, CW4, and CW6, and otherwise denies the allegations of paragraph 68 of the Complaint.

69.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 of the Complaint as to the identity of, and statements allegedly made by, CW4, and otherwise denies the allegations of paragraph 69 of the Complaint.

70.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70 of the Complaint as to the identity of, and statements allegedly made by, CW4, and otherwise denies the allegations of paragraph 70 of the Complaint.

71.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Complaint as to the identity of, and statements allegedly made by, CW3 and CW4, and otherwise denies the allegations of paragraph 71 of the Complaint.

72.     Deutsche Bank denies the allegations in paragraph 72 of the Complaint.

73.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 of the Complaint as to the identity of, and statements allegedly made by, CW2, and otherwise denies the allegations of paragraph 73 of the Complaint.

74.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74 of the Complaint as to the identity of, and statements allegedly made by, CW5, and otherwise denies the allegations of paragraph 74 of the Complaint.

75.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75 of the Complaint as to the identity of, and statements allegedly made by, CW5, and otherwise denies the allegations of paragraph 75 of the Complaint.

76.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76 of the Complaint as to the identity of, and

statements allegedly made by, CW4, and otherwise denies the allegations of paragraph 76 of the Complaint.

77.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77 of the Complaint as to the identity of, and statements allegedly made by, CW3, and otherwise denies the allegations of paragraph 77 of the Complaint.

78.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 of the Complaint as to the identity of, and statements allegedly made by, CW3, and otherwise denies the allegations of paragraph 78 of the Complaint.

79.    Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Complaint as to the identity of, and statements allegedly made by, CW3, and otherwise denies the allegations of paragraph 79 of the Complaint.

80.    Deutsche Bank denies the allegations in paragraph 80 of the Complaint, and respectfully refers the Court to the Registration Statement for the identities of those who signed it.

81.    Deutsche Bank denies the allegations in paragraph 81 of the Complaint.

82.    Deutsche Bank denies the allegations in paragraph 82 of the Complaint.

83.    Deutsche Bank denies the allegations in paragraph 83 of the Complaint.

84.    Deutsche Bank denies the allegations in paragraph 84 of the Complaint.

85.    Deutsche Bank states that the allegation contained in paragraph 85 of the Complaint purports to state a legal conclusion to which no responsive pleading is required.  To

the extent a responsive pleading is required, Deutsche Bank denies the allegations in paragraph 85 of the Complaint.

86.     Deutsche Bank denies the allegations in paragraph 86 of the Complaint, except admits that Plaintiff purports to bring a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).

87.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87 of the Complaint, except admits that (i) GT Solar has more than 30 million shares of stock outstanding; (ii) GT Solar stock is actively traded on the NASDAQ; and (iii) record owners may be identified through records maintained by GT Solar or its transfer agent.

88.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88 of the Complaint, except denies that Defendants' conduct was wrongful or violated the federal securities laws.

89.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89 of the Complaint.

90.     Deutsche Bank avers that the allegations contained in paragraph 90 of the Complaint purport to state a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Deutsche Bank denies the allegations in paragraph 90 of the Complaint.

91.     Deutsche Bank denies the allegations in paragraph 91 of the Complaint.

**COUNT I**
**Violations of Section 11 of the Securities Act**
**Against Defendants GT Solar, the Individual Defendants,**
**and the Underwriter Defendants**

92.    Deutsche Bank repeats and realleges its responses to paragraphs 1 through 91 as if fully set forth herein.

93.    Deutsche Bank avers that the statement in paragraph 93 of the Complaint does not require a responsive pleading.  To the extent a response is required, the allegation is denied.

94.    Deutsche Bank avers that the allegations in paragraph 94 of the Complaint purport to state legal conclusions to which no responsive pleading is required, except Deutsche Bank denies the first sentence of paragraph 94.  To the extent that a response is required, Deutsche Bank denies the remaining allegations.

95.    Deutsche Bank denies the allegations in paragraph 95 of the Complaint.

96.    Deutsche Bank denies the allegations in paragraph 96 of the Complaint, except admits that GT Solar was the registrant for the IPO.

97.    Deutsche Bank denies the allegations in paragraph 97 of the Complaint, and respectfully refers the Court to the Registration Statement for the identities of those who signed it.

98.    Deutsche Bank avers that the allegations in the first sentence of paragraph 98 of the Complaint purport to state a legal conclusion to which no responsive pleading is required, and denies the remaining allegations in paragraph 98 of the Complaint.

99.    Deutsche Bank denies the allegations in paragraph 99 of the Complaint, except admits that the Director Defendants were directors of GT Solar when they signed the Registration statement.

100.   Deutsche Bank avers that the allegations in the first sentence of paragraph 100 of the Complaint purport to state a legal conclusion to which no responsive pleading is required, and denies the remaining allegations in paragraph 100 of the Complaint.

101.   Deutsche Bank avers that the allegations in the first sentence of paragraph 101 of the Complaint purport to state a legal conclusion to which no responsive pleading is required, and denies the remaining allegations in paragraph 101 of the Complaint.  To the extent that the first sentence of paragraph 101 requires a responsive pleading, Deutsche Bank denies the allegations.

102.   Deutsche Bank denies the allegations in paragraph 102 of the Complaint.

103.   Deutsche Bank denies the allegations in paragraph 103 of the Complaint.

104.   Deutsche Bank denies the allegations in paragraph 104 of the Complaint, except admits that less than one year elapsed between when the Registration Statement became effective and the filing of the first complaint asserting claims arising from the IPO.

105.   Deutsche Bank denies the allegations in paragraph 105 of the Complaint.

106.   Deutsche Bank denies the allegations in paragraph 106 of the Complaint.

## COUNT II
## Violations of Section 12(a)(2) of the 1933 Act Against the Underwriter Defendants

107.   Deutsche Bank repeats and realleges its responses to paragraphs 1 through 106 as if fully set forth herein.

108.   Deutsche Bank avers that the statement in paragraph 108 of the Complaint does not require a responsive pleading.  To the extent a response is required, Deutsche Bank denies the allegations.

109.   Deutsche Bank denies the first sentence of paragraph 109 of the Complaint, and avers that the remaining allegations purport to state legal conclusions to which no responsive

pleading is required.  To the extent that a response is required, Deutsche Bank denies the remaining allegations.

110.    Deutsche Bank avers that the allegations in paragraph 110 of the Complaint purport to state a legal conclusion to which no responsive pleading is required, except Deutsche Bank admits that the Underwriter Defendants solicited purchases of and transferred title to GT Solar shares, but denies the remaining allegations in paragraph 110 of the Complaint.

111.    Deutsche Bank denies the allegations in paragraph 111 of the Complaint.

112.    Deutsche Bank denies the allegations in paragraph 112 of the Complaint.

113.    Deutsche Bank avers that the statement in paragraph 113 of the Complaint does not require a responsive pleading.

114.    Deutsche Bank denies the allegations contained in paragraph 114 of the Complaint.

## COUNT III
### Violations of Section 15 of the Securities Act Against GT Solar and Individual Defendants

115-125.    Deutsche Bank is not required to respond to the allegations in paragraphs 115-125 of the Complaint because the allegations are not directed at Deutsche Bank.

## COUNT IV
### Against The Venture Capital Firm Defendants For Violations Of Section 15 of The Securities Act

126-134.    Deutsche Bank is not required to respond to the allegations in paragraphs 126-134 of the Complaint because the allegations are not directed at Deutsche Bank.

## PRAYER FOR RELIEF

To the extent any response is required, Deutsche Bank denies the requests in the Complaint's Prayer for Relief.

## DEFENSES

Deutsche Bank asserts the following defenses in response to the Complaint. In asserting these defenses, Deutsche Bank does not admit that it has the burden of proof on issues as to which plaintiffs properly bear the burden.

### First Defense

The Complaint fails to state a claim against Deutsche Bank upon which relief may be granted. Deutsche Bank incorporates by reference the defenses set forth in the Defendants' February 5, 2009 Motion to Dismiss.

### Second Defense

The Complaint's claims against Deutsche Bank are barred because Deutsche Bank, after reasonable investigation, had reasonable ground to believe and did believe at the time the Registration Statement became effective that the statements therein were true. Deutsche Bank also reasonably believed, at the time Registration Statement became effective, that no material facts were omitted. Further, the Complaint's claims against Deutsche Bank are barred because, even if the Registration Statement contained a false or misleading statement or omitted any material fact required to be stated or necessary to make any statement not misleading—which Deutsche Bank denies—Deutsche Bank did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.

### Third Defense

The Complaint's claims against Deutsche Bank are barred because, with respect to the portions of the Registration Statement purporting to be made on the authority of an expert, Deutsche Bank had no reasonable ground to believe, and did not believe, at the time the Registration Statement became effective, that the statements therein were untrue or omitted to

state a material fact required to be stated or necessary to make the statements not misleading, or that such statements did not fairly represent the expert's statement.

### Fourth Defense

The Complaint's claims against Deutsche Bank are barred because the allegedly omitted facts were not known or knowable in the exercise of due diligence when the Registration Statement became effective.

### Fifth Defense

The Registration Statement and Prospectus contained meaningful cautionary statements that preclude Plaintiff from prevailing on its claims against Deutsche Bank.

### Sixth Defense

The Complaint's claims against Deutsche Bank are barred because the depreciation in the value of GT Solar stock is attributable to factors other than the alleged misstatement or omission.

### Seventh Defense

If the Registration Statement or Prospectus contained any false or misleading statement or omitted any material fact required to be stated or necessary to make any statement not misleading, which Deutsche Bank denies, and if the lead Plaintiff or any members of the putative class were aware of that statement or omission when they purchased their shares, then such plaintiffs cannot prevail on their claims against Deutsche Bank.

### Eighth Defense

The claims asserted in the Complaint are barred by lack of subject matter jurisdiction to the extent the putative class includes purchasers from outside of the United States.

**Ninth Defense**

Plaintiffs who did not purchase GT Solar securities from Deutsche Bank lack standing to assert claims against Deutsche Bank.

Deutsche Bank reserves the right to assert other defenses, cross-claims, and third-party claims when and if they become appropriate in this action.

WHEREFORE, Deutsche Bank respectfully requests that Plaintiff take nothing by reason of its Complaint, that judgment be entered in Defendants' favor dismissing the Complaint with prejudice, that the Defendants be awarded their reasonable attorneys' fees and costs of suit, and granting such other and further relief as this Court may deem proper and just.

Dated: November 23, 2009

Respectfully Submitted,

**COUNSEL FOR DEFENDANT DEUTSCHE BANK SECURITIES INC.:**

 /s/ John L. Altieri, Jr.
John L. Altieri, Jr.
**BOUTIN & ALTIERI, P.L.L.C.**
1 Buttrick Road
P.O. Box 1107
Londonderry, NH  03053
Telephone:  (603) 432-9566
Facsimile:  (603) 432-7419

**OF COUNSEL:**
Bradley J. Butwin
William J. Sushon
B. Andrew Bednark
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York  10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2009, copies of the foregoing Answer of Defendant Deutsche Bank Securities Inc. to the Consolidated Amended Complaint were electronically served on counsel of record in this matter who are registered with the Court's ECF filing system through ECF notification.

/s/ John L. Altieri, Jr.
John L. Altieri, Jr.