# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| | ) |
| | ) |
| | ) Civil No.: 08-cv-00312 |
| BRAUN, et al., | ) |
| | ) |
| v. | ) |
| | ) |
| GT SOLAR INTERNATIONAL, INC., et al. | ) |
| | ) |
| | ) |

## LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## <u>MOTION FOR CLASS CERTIFICATION</u>

Kenneth Bouchard (NH Bar # 51)
BOUCHARD, KLEINMAN AND
  WRIGHT PA
1 Merrill Drive, Suite 6
Hampton, NH 03842
Telephone:  (603) 926-9333
Facsimile:  (603) 929-1221

*Liaison Counsel for Lead Plaintiff*

Daniel S. Sommers (*Pro Hac Vice*)
Matthew K. Handley (*Pro Hac Vice*)
Joshua M. Kolsky
COHEN MILSTEIN SELLERS &
  TOLL PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005-3964
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

*Lead Counsel for Lead Plaintiff*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................... 2

 A. Summary of the Complaint ..................................................................... 2

 B. The Proposed Class Representative ........................................................ 3

III. THE STANDARDS FOR CLASS CERTIFICATION .................................... 4

IV. THIS ACTION SATISFIES THE REQUIREMENTS OF RULE 23 AND
SHOULD BE PERMITTED TO PROCEED AS A CLASS ACTION........................... 5

 A. The Proposed Class Meets The Requirements of Rule 23(a) ............... 5

  1. The Members Of The Class Are So Numerous That Joinder Of All
Members Is Impracticable........................................................... 5

  2. There Are Common Questions of Law and Fact ....................... 5

  3. Lead Plaintiff's Claims Are Typical Of Those Of The Class ................... 7

  4. Lead Plaintiff Will Fairly and Adequately Protect the Interests Of
The Class...................................................................................... 8

 B. The Requirements Of Rule 23(b)(3) Are Satisfied ............................. 10

  1. Common Questions Of Law and Fact Predominate ............... 10

  2. A Class Action Is Superior To Any Other Available Method For
Resolving This Controversy .................................................... 12

V. CONCLUSION.................................................................................................... 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**C**ASES

*Amchem Products, Inc. v. Windsor,*
521 U.S. 591 (1997)................................................................................................10

*Andrews v. Bechtel Power Corp.,*
780 F.2d 124 (1st Cir. 1985)..............................................................................5, 8

*Basic Inc. v. Levinson,*
485 U.S. 224 (1988)...........................................................................................2, 11

*Gen. Tel. Co. of the Southwest v. Falcon,*
457 U.S. 147 (1982)................................................................................................7

*Guckenberger v. Boston Univ.,*
957 F. Supp. 306 (D. Mass. 1997) .........................................................................7

*Herman & Maclean v. Huddleston,*
459 U.S. 375 (1983)..............................................................................................11

*In re Bank One Secs. Litigation/First Chi. S'Holder Claims,*
No. 00-0767, 2002 U.S. Dist. LEXIS 8709 (N.D. Ill. May 9, 2002)......................2

*In re Boston Sci. Corp. Secs. Litig.,*
604 F. Supp. 2d 275 (D. Mass. 2009) ........................................................ *passim*

*In re Chiang,*
385 F.3d 256 (3d Cir. 2004)....................................................................................6

*In re Constar Int'l Inc. Sec. Litig.,*
585 F.3d 774 (3d Cir. 2009)..................................................................................11

*In re Dreyfus Aggressive Growth Mut. Fund Litig.,*
No. 98-4318, 2000 U.S. Dist. LEXIS 13469 (S.D.N.Y. Sept. 19, 2000)..................2

*In re Initial Public Offering Sec. Litig,*
243 F.R.D. 79 (S.D.N.Y. 2007) ............................................................................11

*In re Lupron® Mktg. and Sales Practices Litig.,*
228 F.R.D. 75 (D. Mass. 2005)...............................................................................7

*In re Metro. Sec. Litig.,*
No. CV-04-25, 2008 U.S. Dist. LEXIS 100325 (E.D. Wash. Nov. 25, 2008) ........11

i

*In re PE Corp. Secs. Litig.*,
 228 F.R.D. 102 (D. Conn. 2005)..............................................................................2

*In re Pharm. Indus. Average Wholesale Price Litig.*,
 230 F.R.D. 61 (D. Mass. 2005)................................................................................6

*In re Prestige Brands Holdings*,
 Inc., No. 05-6924, 2007 U.S. Dist. LEXIS 66199 (S.D.N.Y. Sept. 4, 2007) ...........2

*In re Reliant Sec. Litig.*,
 No. 02-1810, 2005 U.S. Dist. LEXIS 9716 (S.D. Tex. Feb. 18, 2005) ....................2

*In re Transkaryotic Therapies, Inc. Sec. Litig.*,
 2005 U.S. Dist. LEXIS 29656 ...............................................................................11

*In re Turkcell Iletisim Hizmetler*,
 209 F.R.D. 353 (S.D.N.Y. 2002) .............................................................................2

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
 236 F.R.D. 62 (D.N.H. 2006) .......................................................................... *passim*

*Kinney v. Metero Global Media, Inc.*,
 C.A. No. 99-579 ML, 2002 U.S. Dist. LEXIS 18628 (D.R.I. Aug. 22, 2002) ...............6, 8, 13

*Kirby v. Cullinet Software, Inc.*,
 116 F.R.D. 303 (D. Mass. 1987)..........................................................................2, 12

*Levitan v. McCoy*,
 No. 00-5096, 2003 U.S. Dist. LEXIS 5078 (N.D. Ill. Mar. 28, 2003).....................2

*Pettway v. Harmon Law Offices, P.C.*,
 No. 03-cv-10932, 2005 U.S. Dist. LEXIS 21341 (D. Mass. Sept. 27, 2005) ...........7

*Priest v. Zayre*,
 118 F.R.D. 552 (D. Mass. 1988)............................................................................12

*Smilow v. Southwestern Bell Mobile Sys.*,
 323 F.3d 32 (1st Cir. 2003)................................................................................4, 10

*Stuebler v. Xcelera.com*,
 430 F.3d 503 (1st Cir. 2005).............................................................................2, 10

*Swack v. Credit Suisse First Boston*,
 230 F.R.D. 250 (D. Mass. 2005)..........................................................................5, 6

**STATUTES AND RULES**

15 U.S.C. § 77k..........................................................................................................1

15 U.S.C. § 77l(a)(2)..............................................................................................................1

15 U.S.C. § 77o....................................................................................................................1

Federal Rule of Civil Procedure 23 ...................................................................... *passim*

Lead Plaintiff Arkansas Public Employee Retirement System ("APERS" or "Lead

Plaintiff" or "Proposed Class Representative"), by and through its attorneys, respectfully submits

this memorandum of law in support of the accompanying motion for class certification.

## I.   <u>INTRODUCTION</u>

Lead Plaintiff moves the Court for class certification and to be appointed the

representative of a plaintiff class (the "Class"), pursuant to Rules 23(a) and 23(b)(3)[1] of the

Federal Rules of Civil Procedure, consisting of:

> all persons or entities who purchased the common stock of GT Solar
> International, Inc. ("GT Solar" or the "Company") pursuant or traceable to the
> Company's registration statement filed on Form S-1\A on July 23, 2008 and
> prospectus filed on Form S-1\A on July 24, 2008 (the "Prospectus") (collectively,
> the "Registration Statement") issued in connection with GT Solar's July 24, 2008
> initial public offering ("IPO").[2]

Lead Plaintiff purchased GT Solar securities pursuant to or traceable to the Company's

Registration Statement, and it brings this action on behalf of itself and similarly situated GT

Solar stock purchasers for violations of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933, 15

U.S.C. §§ 77k, 77l(a)(2), and 77o (the "Securities Act").  Plaintiffs' Consolidated Class Action

Complaint ("Complaint") alleges a prototypical class action on behalf of hundreds or thousands

of investors who, like the Lead Plaintiff, suffered damages as a result of purchasing GT Solar

stock issued pursuant to Defendants' materially false and misleading Registration Statement.[3]

---

[1] Lead Plaintiff also seeks an order pursuant to Fed. R. Civ. P. 23(g), appointing the law firm of Cohen Milstein Sellers & Toll PLLC as Class Counsel.

[2] Excluded from the Class are Defendants and their affiliates; members of their immediate families and their legal representatives, heirs, successors or assigns; any entity in which Defendants have or had a controlling interest; and the current and former officers and directors of the Company.

[3] Defendants are GT Solar; Thomas Zarrella, J. Bradford Forth, Ernest Godshalk, J. Michal Conaway, Fusen Chen, Richard Landers, Robert Woodbury, Jr., Edwin Lewis and Richard Johnson; Credit Suisse Securities (USA) LLC, UBS Securities LLC, Banc of America Securities LLC, Deutsche Bank Securities Inc., Piper Jaffray & Co. and Thomas Weisel Partners LLC; GT Holdings, GFI Energy Ventures, Oaktree Capital Management, OCM/GFI Power Opportunities II, L.P. and OCM/GFI Power Opportunities II (Cayman) L.P.

As such, this case readily meets class certification requirements, and, the United States Supreme Court, the First Circuit, courts in this District, and numerous other circuit and district courts have held that actions for violations of the federal securities laws are properly certified as class actions.[4]  This is especially true in cases, such as this, which involve claims under the Securities Act.  *See Levitan v. McCoy*, No. 00-5096, 2003 U.S. Dist. LEXIS 5078, at *11 (N.D. Ill. Mar. 28, 2003) ("Courts have repeatedly held that cases like this one, which proceed primarily under Section 11 of the 1933 Act, are particularly well-suited to class treatment[.]"); *In re Bank One Sec. Litig./First Chi. S'holder Claims*, No. 00-0767, 2002 U.S. Dist. LEXIS 8709, at *12 (N.D. Ill. May 9, 2002) (same).[5]

Accordingly, Lead Plaintiff respectfully requests that the Court grant its Motion for Class Certification.

## II.  STATEMENT OF FACTS

### A.  SUMMARY OF THE COMPLAINT

The first of these consolidated cases was filed on August 1, 2008.  On December 22, 2008, Lead Plaintiff filed the Complaint, which alleges that, in connection with GT Solar's IPO, a false and misleading Registration Statement was filed in violation of the Securities Act.  The Complaint alleges, *inter alia*, that the Registration Statement failed to disclose that GT Solar's largest customer, LDK Solar Co., Ltd. ("LDK Solar"), which accounted for 62% of the

---

[4] *See, e.g., Basic Inc. v. Levinson*, 485 U.S. 224 (1988); *Stuebler v. Xcelera.com*, 430 F.3d 503, 518 (1st Cir. 2005); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 236 F.R.D. 62, 73 (D.N.H. 2006); *Kirby v. Cullinet Software, Inc.*, 116 F.R.D. 303, 311 (D. Mass. 1987) ("In securities fraud cases, the class action device has been deemed especially appropriate, and even 'indispensable' to protect the small claimants who would otherwise as a practical matter be denied relief.")

[5] Courts routinely grant motions for class certification in Securities Act cases.  *See., e.g.*, *In re Prestige Brands Holdings*, Inc., No. 05-6924, 2007 U.S. Dist. LEXIS 66199, at *19 (S.D.N.Y. Sept. 4, 2007); *In re Reliant Sec. Litig.*, No. 02-1810, 2005 U.S. Dist. LEXIS 9716, at *38 (S.D. Tex. Feb. 18, 2005); *In re PE Corp. Secs. Litig.*, 228 F.R.D. 102, 111 (D. Conn. 2005); *Levitan*, 2003 U.S. Dist. LEXIS 5078, at *25; *In re Turkcell Iletisim Hizmetler*, 209 F.R.D. 353, 361 (S.D.N.Y. 2002); *In re Dreyfus Aggressive Growth Mut. Fund Litig.*, No. 98-4318, 2000 U.S. Dist. LEXIS 13469, at *33 (S.D.N.Y. Sept. 19, 2000).

Company's revenue during the fiscal year ended March 31, 2008, would likely cease ordering GT Solar's principal product, DSS Furnaces, from GT Solar, and that LDK Solar had decided to purchase furnaces from JYT Corporation. ¶ 3.[6]  On July 25, 2008, one day after the IPO, LDK Solar announced that it had entered into a three-year contract to purchase furnaces from JYT Corporation. ¶ 4; Ex. A.[7]  As a result, GT Solar stock, which was sold in the IPO for $16.50 per share, sold as low as $9.30 per share, and closed at $12.59 per share, on July 25, 2008, a drop of nearly 24% from the IPO price one day earlier. ¶ 5; Ex. B.  On September 22, 2009, this Court denied, in its entirety, Defendants' motion to dismiss the Complaint. *Ark. Pub. Emple. Ret. Sys. v. GT Solar Int'l, Inc*., No. 08-cv-312-JL, 2009 DNH 149, Docket No. 86 (D.N.H. Oct. 7, 2009).

### B.    The Proposed Class Representative

Lead Plaintiff APERS is a Pension Trust Fund of the State of Arkansas with approximately $4.3 billion of assets serving over 44,000 current and former state public employees, including members of the Arkansas state judiciary as reflected in its June 30, 2009 Annual Financial Report.  *See* Ex. C at 7-8.

As set forth in the Certification it filed with its motion to be appointed Lead Plaintiff, APERS acquired the common stock of GT Solar pursuant to the IPO at the IPO offering price of $16.50 per share.  *See* Ex. D.  Lead Plaintiff purchased GT Solar securities at artificially inflated prices and suffered damages when revelation of the true facts about the Company caused a decline in the value of its investments.  APERS' purchases of GT Solar's securities were pursuant to the Registration Statement.

---

[6] References to ¶__ refer to paragraphs of the Complaint.

[7] References to Ex. __ refer to Exhibits to the Declaration of Daniel S. Sommers in Support of Lead Plaintiff's Motion for Class Certification, filed herewith.

### III.    THE STANDARDS FOR CLASS CERTIFICATION

To maintain a class action, the Court must find that the four prerequisites set forth in Federal Rule of Civil Procedure 23(a) and at least one of the requirements enumerated in Rule 23(b) are met.  Rule 23(a) provides that one or more members of a class may sue or be sued as representative parties of all only if: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims and defenses of the class; and, 4) the representative parties will fairly and adequately protect the interests of the class.  *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 236 F.R.D. 62, 67 (D.N.H. 2006) (quoting Fed. R. Civ. P. 23(a)); *see also Smilow v. Southwestern Bell Mobile Sys.*, 323 F.3d 32, 38 (1st Cir. 2003).

If the party seeking certification satisfies the requirements of Rule 23(a), it must then "demonstrate that the class meets one of the criteria outlined in Rule 23(b)."  *In re Tyco*, 236 F.R.D. at 67 (citing *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997)); *see also In re Boston Sci. Corp. Secs. Litig.*, 604 F. Supp. 2d 275, 280 (D. Mass. 2009).  Here, Lead Plaintiff seeks certification under Rule 23(b)(3), which requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).

Rule 23(g) further provides that "a court that certifies a class must appoint class counsel," and that such counsel "must fairly and adequately represent the interests of the class."  Because the Proposed Class Representative and proposed Class Counsel satisfy all of the prerequisites of Rules 23(a), 23(b)(3) and 23(g), Lead Plaintiff's motion should be granted.

**IV.    THIS ACTION SATISFIES THE REQUIREMENTS OF RULE 23 AND SHOULD BE PERMITTED TO PROCEED AS A CLASS ACTION**

    **A.    The Proposed Class Meets The Requirements of Rule 23(a)**

        **1.    The Members Of The Class Are So Numerous That Joinder Of All Members Is Impracticable**

Under Rule 23(a)(1), the proposed class must be so numerous "that joinder of all class members is impracticable." *In re Tyco*, 236 F.R.D. at 67 (quoting Rule 23(a)). The "numerosity requirement is satisfied when the number of potential class members and their geographic distribution are sufficiently great that joinder of all plaintiffs is not feasible." *In re Tyco*, 236 F.R.D. at 68 n.2 (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131-132 (1st Cir. 1985)). As courts in this Circuit have held, "[e]ven if the number of persons who bought stock during the class period is unknown, numerosity can be assumed where the number of shares traded is so great that common sense dictates the class is very large." *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 259 (D. Mass. 2005); *see also In re Boston Sci. Corp.*, 604 F. Supp. 2d at 281.

The numerosity requirement is satisfied here because the Prospectus reveals that the Company issued over 30 million shares pursuant to the IPO. *See* Ex. E at 2. In addition, trading volume of GT Solar shares on the day of the IPO exceeded 20 million shares. *See* Ex. B. Given the foregoing, the proposed class is sufficiently large to make joinder impracticable. *Swack*, 230 F.R.D. at 258-59 ("[H]ow many shares of stock were outstanding" and "the average daily trading volume during the Class Period, [are] both factors commonly considered by courts when finding the numerosity prong satisfied . . . ."). Accordingly, the proposed Class plainly satisfies the numerosity requirement of Rule 23.

        **2.    There Are Common Questions of Law and Fact**

The "commonality" provision of Rule 23(a)(2) requires that the allegations of the complaint involve common questions of law and fact, "but does not require that every question

be common." *Swack*, 230 F.R.D at 259.  "The commonality requirement 'is not a high bar'" and "'will be satisfied if the named plaintiffs share at least one question of law or fact with the grievances of the prospective class.'"  *In re Tyco*, 236 F.R.D. at 68 (D.N.H. 2006) (quoting *In re Chiang*, 385 F.3d 256, 265 (3d Cir. 2004).  "The test or standard for meeting the Rule 23(a)(2) prerequisite is qualitative rather than quantitative; that is, there need be only a single issue common to all members of the class."  *In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 78 (D. Mass. 2005) (quoting 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 3.10 (4th ed. 2002)).

The commonality requirement of Rule 23(a)(2) is regularly satisfied in the context of securities fraud litigation.  *See, e.g.*, *Kinney v. Metero Global Media, Inc.*, No. 99-579 ML, 2002 U.S. Dist. LEXIS 18628, at *13 (D.R.I. Aug. 22, 2002) (holding that allegations of misrepresentations and omissions in company's required filings with the SEC causing company's stock to trade at artificially inflated prices present common questions); *In re Tyco*, 236 F.R.D. 62, 68 n.5 (D.N.H. 2006) ("Plaintiffs easily satisfy this requirement because they allege that all members of the class were injured as a result of an overarching conspiracy."); *see also In re Boston Sci. Corp.*, 604 F. Supp. 2d at 281.

Similarly, the commonality requirement is easily satisfied in the instant matter.  For example, among the questions of law and fact common to the Class are: (i) whether the federal securities laws were violated by Defendants' acts; (ii) whether statements made in the Registration Statement misrepresented material facts about the business of GT Solar; and, (iii) to what extent the members of the Class sustained damages and the proper measure of damages. As such, this action satisfies the commonality requirement of Rule 23(a).

### 3.     Lead Plaintiff's Claims Are Typical Of Those Of The Class

The typicality requirement of Rule 23(a)(3) is met "when the [named] plaintiff's injuries arise from the same events or course of conduct as do the injuries that form the basis of the class claims," and "when the plaintiff's claims and those of the class are based on the same legal theory."  *Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 325 (D. Mass. 1997); *see also In re Lupron® Mktg. and Sales Practices Litig.*, 228 F.R.D. 75 (D. Mass. 2005).

"Typicality is not a demanding test."  *In re Lupron*, 228 F.R.D. at 89; *Pettway v. Harmon Law Offices, P.C.*, No. 03-10932, 2005 U.S. Dist. LEXIS 21341, at *32 (D. Mass. Sept. 27, 2005).  As the Court in *Lupron* explained, "[a] sufficient nexus is established [to show typicality] if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory."  228 F.R.D. at 89; *see also In re Tyco*, 236 F.R.D. at 68 n.5 (D.N.H. 2006); *In re Boston Sci. Corp.*, 604 F. Supp. 2d at 282 (D. Mass. 2009).[8]

Here, Lead Plaintiff's claims arise from the same events and are based upon the same legal theories as the claims of the absent Class Members.  Lead Plaintiff alleges that Defendants violated the federal securities laws by disseminating materially false and misleading statements in the Registration Statement concerning GT Solar's business; Lead Plaintiff purchased or acquired GT Solar stock pursuant or traceable to the Registration Statement (*see* Ex. E); and Lead Plaintiff was damaged thereby in violation of the Securities Act.  In sum, Lead Plainitff,

---

[8] The Supreme Court explained in *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982):

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

*Id.* at 157 n.13.

like every member of the Class, was damaged by the materially untrue statements in the

Registration Statement.  Accordingly, the claims of the Lead Plaintiff are typical of the Class.

### 4. Lead Plaintiff Will Fairly and Adequately Protect the Interests Of The Class

Pursuant to Rule 23(a)(4), class representatives must "fairly and adequately protect the

interests of the class."  This requirement has two aspects: whether the class representatives have

conflicting interests with the unnamed class members and whether the named representatives

will vigorously prosecute the action through qualified counsel.  *Kinney*, 2002 U.S. Dist. LEXIS

18628, at *15 (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985); *see

also In re Boston Sci. Corp.*, 604 F. Supp. 2d at 282 (D. Mass. 2009).

As demonstrated above, Lead Plaintiff's interests are not antagonistic or in conflict with

the interests of the other Class members.  Lead Plaintiff, like the members of the proposed Class,

sustained damages as a result of Defendants' unlawful acts which artificially inflated the price of

GT Solar stock, and upon disclosure of the truth, caused the drop in the value of the stock and

damaged the Class.  Thus, the interest of the Lead Plaintiff in obtaining the maximum possible

recovery is therefore coextensive with the interests of all members of the Class.

Second, Lead Plaintiff – a substantial state-wide public pension fund – understands the

commitments and fiduciary responsibilities required of a class representative and is willing to

vigorously prosecute this action.  *See* Ex. D.  Lead Plaintiff is represented by counsel who are

thoroughly experienced in federal securities litigation and have the ability and willingness to

protect the interests of the Class.  Lead Plaintiff selected Cohen Milstein to serve as Lead

Counsel, and the Court approved that choice.  Lead Plaintiff has now selected Cohen Milstein to serve as Class Counsel.[9]

Federal Rule of Civil Procedure 23(g) further states that the court certifying a class must "appoint class counsel."  Class Counsel "must fairly and adequately represent the interests of the Class."  Lead Counsel Cohen Milstein has extensive experience in the areas of securities and complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Ex. F.  Moreover, Lead Counsel has already undertaken a vigorous prosecution of this action, including conducting an investigation of the claims; filing a Consolidated Class Action Complaint; briefing, arguing, and defeating Defendants' motion to dismiss; engaging in discovery and pursuing class certification; briefing and arguing complex issues relating to the parallel state court proceeding; and creating a workable protocol for coordinating the federal and state proceedings.  Thus, under the considerations identified in Fed. R. Civ. P. 23(g)(C)(i) – "work counsel has done in identifying or investigating potential claims;" "counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;" "counsel's knowledge of the applicable law;" and "the resources that counsel will commit to representing the class" – Lead Counsel is eminently qualified for appointment as Class Counsel, and the Court may be assured that the Class will receive a high caliber of legal representation.

Having shown that its interests are not antagonistic to those of the other members of the Class and that its counsel is fully qualified to prosecute this action, Lead Plaintiff has

---

[9] In addition, the firm of Bouchard, Kleinman & Wright, P.A. has served as liaison counsel for Lead Plaintiff.  Bouchard, Kleinman & Wright, P.A., with offices in Manchester and Hampton, is extremely familiar with practice in this District and has been involved in other major class actions in this District.

demonstrated its adequacy pursuant to Rule 23(a)(4), and Lead Counsel has demonstrated that it is qualified to serve as Class Counsel.

**B.      The Requirements Of Rule 23(b)(3) Are Satisfied**

In addition to meeting the prerequisites of Rule 23(a), the present action also satisfies the requirements of Rule 23(b), which requires that proposed class representatives establish that: (i) common questions of law or fact predominate over individual questions; and, (ii) a class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b)(3). This inquiry appropriately ensures that certification occurs in cases "in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (quoting Adv. Comm. Notes, 28 U.S.C. App., p. 697). As discussed above and more fully below, common questions of law and fact predominate in this case as all Class members were damaged by Defendants' false and misleading statements, and a class action is the superior and, indeed, the only, method available to fairly and efficiently litigate this securities action.

**1.      Common Questions Of Law and Fact Predominate**

"Rule 23(b)(3) requires merely that common issues predominate, not that all issues be common to the class." *Smilow*, 323 F.3d at 39; *see also Amchem*, 521 U.S. at 625; *Stuebler v. Xcelera.com (In re Xcelera.com Sec. Litig.)*, 430 F.3d 503, 506 (1st Cir. 2005) (The predominance "enquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."). In *Amchem*, the Supreme Court stated, "[p]redominance is a test readily met in certain cases alleging . . . securities fraud . . . ." 521 U.S. at 625. Furthermore, "[w]here, as here, common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues

remain." *In re Transkaryotic Therapies, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 29656, at *10 (quoting *Smilow*, 323 F.3d at 40); *see also In re Tyco*, 236 F.R.D. at 71 ("As the First Circuit has recognized, classes are routinely certified where common issues predominate even though individual issues exist with respect to other matters such as affirmative defenses or damages.")

Here, common questions overwhelmingly predominate over any individual issues that theoretically might exist. The Complaint alleges that the Registration Statement contained materially false and misleading statements in violation of the Securities Act. As such, all of the liability issues (*e.g.*, were the statements false and misleading and were the statements material) are common to all class members. *See In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 782 (3d Cir. 2009) ("A prima facie case under § 11 is straightforward, requiring only a showing of a material misrepresentation or omission from a defendant's registration statement.") (citing *Herman & Maclean v. Huddleston*, 459 U.S. 375, 382 (1983)).

If the Lead Plaintiff and each of the class members were to bring individual actions, they would each be required to prove the same facts and existence of the same false and misleading statements by Defendants to establish liability.[10] Accordingly, common issues predominate over any individualized issues that may exist.

---

[10] As the Third Circuit has recently explained, it is important to note that unlike a claim under §10(b) of the Securities Exchange Act (which is not present in this action):

> a § 11 case [such as the GT Solar action] will never demand individualized proof as to an investor's reliance or knowledge (except where more than twelve months have passed since the registration statement became effective). Further, because a misrepresentation is material if a reasonable investor would have considered a fact important, the effect of a material misrepresentation is felt uniformly across the class of investors, regardless of whether the market is efficient.

*In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 784 (3d Cir. 2009); *see also In re Metro. Sec. Litig.*, No. CV-04-25, 2008 U.S. Dist. LEXIS 100325, at *16 (E.D. Wash. Nov. 25, 2008) (holding that for Section 11 claims, "plaintiffs do not have to qualify for the *Basic* presumption [of an efficient market] in order to demonstrate predominance under Rule 23(b)(3)"); *In re Initial Public Offering Sec. Litig.*, 243 F.R.D. 79, 92 (S.D.N.Y. 2007) (holding that for Section 11 claims, market inefficiency does not prevent a finding of predominance).

**2.     A Class Action Is Superior To Any Other Available Method For Resolving This Controversy**

Rule 23(b)(3) also requires that class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  The superiority inquiry involves a determination as to whether the objectives of the class action procedure will be achieved in the particular case and a comparison of alternative mechanisms of dispute resolution.  "The Rule identifies four factors relevant to this inquiry: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action."  Fed. R. Civ. P. 23(b)(3)).

These factors all point convincingly to the superiority of class litigation. Any interest individual members of the class may have in controlling the litigation is far outweighed by the benefit of distributing the financial burden of the litigation among the class. *Kirby*, 116 F.R.D. at 311 ("In securities fraud cases, the class action device has been deemed especially appropriate, and even 'indispensable' to protect the small claimants who would otherwise as a practical matter be denied relief."); *see also In re Boston Sci. Corp.*, 604 F. Supp. 2d at 287 ("Given the size of the proposed class in this case, it is clear that piecemeal adjudication of claims covering substantially similar issues would be an inefficient allocation of court resources.").

A class action will also facilitate the statutory objective of a fair, orderly, trustworthy and reliable securities market.  *See Priest v. Zayre*, 118 F.R.D. 552, 553-554 (D. Mass. 1988) ("Courts have expressed a general preference for class certification in securities fraud cases based on a policy favoring enforcement of the federal securities laws and recognition of the fact

that class actions may be the only practicable means of enforcing investors' rights.") (internal citations omitted).

Moreover, no other federal case, not already consolidated with these, has been commenced by members of the class against these defendants alleging these claims.[11]  This forum is also particularly appropriate as it is closest in proximity to defendant GT Solar's corporate headquarters and therefore many of the witnesses.  Finally, management of the class litigation should not prove especially difficult as securities cases allow for the easy identification of the class members. *See In re Boston Sci. Corp.*, 604 F. Supp. 2d at 280 (D. Mass. 2009) ("Courts have recognized that class actions may be particularly appropriate in the context of securities litigation."); *Kinney v. Metero Global Media, Inc*., No. 99-579 ML, 2002 U.S. Dist. LEXIS 18628, at *18 (D.R.I. Aug. 22, 2002) ("The desirability and utility of the class action device in the context of federal securities law litigation is well established.")

In sum, because class actions are a particularly appropriate and desirable means to resolve claims based on alleged violations of the securities laws, the proposed class is the superior method for adjudicating this dispute.

## V.     <u>CONCLUSION</u>

For the foregoing reasons, Lead Plaintiff requests entry of an Order (1) certifying this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3); (2) certifying Lead Plaintiff as a representative of the Class; and (3) appointing Cohen Milstein as Class Counsel.

---

[11] To Lead Counsel's knowledge, no putative Class Member has filed an individual action, and the only related unconsolidated class action now pending is the New Hampshire State Court action *Hamel v. GT Solar International, Inc*., No. 08-C-431.  The plaintiff in the *Hamel* Action has agreed to coordinate their case with this Action.  *See* November 6, 2009 Further Stipulated [Proposed] Case Management Order and Joint Request to Amend Deadlines (attached as Ex. G) and November 13, 2009 Discovery Plan And Further [Proposed] Joint Case Management Order (attached as Ex. H); *see also* November 16, 2009 Minute Order entering the November 6 and November 13 Stipulated Proposed Orders.

Dated:  April 30, 2010                    Respectfully submitted,


                                          ____/s/ Kenneth Bouchard_____
                                          Kenneth Bouchard (NH Bar # 51)
                                          BOUCHARD, KLEINMAN AND
                                            WRIGHT PA
                                          1 Merrill Drive, Suite 6
                                          Hampton, NH 03842
                                          Telephone:  (603) 926-9333
                                          Facsimile:   (603) 929-1221


                                          *Liaison Counsel for Lead Plaintiff*

                                          ___/s/ Daniel S. Sommers_____
                                          Daniel S. Sommers (*Pro Hac Vice*)
                                          Matthew K. Handley (*Pro Hac Vice*)
                                          Joshua M. Kolsky
                                          COHEN MILSTEIN SELLERS &
                                            TOLL PLLC
                                          1100 New York Avenue, N.W.
                                          West Tower, Suite 500
                                          Washington, D.C.  20005-3964
                                          Telephone:  (202) 408-4600
                                          Facsimile:  (202) 408-4699


                                          *Lead Counsel for Lead Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2010, copies of the foregoing Lead Plaintiff's Memorandum in Support of Motion for Class Certification were electronically served on counsel of record in this matter who are registered with the Court's ECF filing system through ECF notification.

*/s/ Daniel S. Sommers*
Daniel S. Sommers (*Pro Hac Vice*)