UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

IRVING S. BRAUN, individually and on
behalf of all others similarly situated,

Plaintiff,

vs.

GT SOLAR INTERNATIONAL, INC., et al.,

Defendants.

**CIVIL ACTION NO. 1:08-CV-00312-JL**

**(MAIN CASE)**

## [PROPOSED] ORDER FOR NOTICE AND HEARING

WHEREAS, a consolidated class action is pending before this Court entitled *Irving S. Braun v. GT Solar International, Inc.*, Case No. 1:08-CV-00312-JL, and a parallel action is pending in state court, entitled *Joyce T. Hamel v. GT Solar International, Inc.*, No. 10-C-5004 (N.H. Sup. Ct.) (the "Actions"); and

WHEREAS, the Court has received the Stipulation of Settlement dated May 4, 2011 (the "Stipulation"), that has been entered into by Lead Plaintiff Arkansas Public Employees Retirement System ("APERS") and plaintiff Joyce T. Hamel (collectively, "Plaintiffs"), and defendants GT Solar International, Inc. ("GT Solar" or the "Company"), GT Solar Holdings, LLC, GFI Energy Ventures LLC, Oaktree Capital Management, L.P., OCM/GFI Power Opportunities Fund II, L.P., OCM/GFI Power Opportunities Fund II (Cayman), L.P., Thomas M. Zarrella, Robert W. Woodbury, Jr., Edwin Lewis, J. Bradford Forth, Ernest L. Godshalk, Richard K. Landers, J. Michal Conaway, Richard Ernest Johnson, Fusen E. Chen, and Credit Suisse Securities (USA) LLC, UBS Securities LLC, Banc of America Securities LLC, Deutsche Bank Securities Inc., Piper Jaffray & Co., and Thomas Weisel Partners LLC (collectively, "Defendants") (Plaintiffs and Defendants are the "Parties"); and

1

WHEREAS, the Parties to the Action, having applied for an order determining certain matters in connection with the proposed settlement of the Actions (the "Settlement"), in accordance with the Stipulation entered into by the Parties, and for the ultimate final approval of the Settlement and dismissal of the Actions as against the Defendants upon the terms and conditions set forth in the Stipulation;

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation, IT IS HEREBY ORDERED that:

1.     The Court, for purposes of this Order for Notice and Hearing, adopts all defined terms as set forth in the Stipulation.

2.     Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

3.     Lead Counsel is hereby authorized to retain the firm of Strategic Claims Services as Claims Administrator to supervise and administer the notice and claims procedures.

4.     For purposes of the Settlement, the Court preliminarily certifies the Class as defined in the Stipulation, appoints Cohen Milstein Sellers & Toll PLLC as Class Counsel, and otherwise approves the Settlement of the Actions as set forth in the Stipulation and the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, or the fairness and adequacy of their

2

representation by Lead Counsel and all of Plaintiffs' counsel, and to show cause, if any exists, why a final judgment dismissing the Actions based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

5. A hearing (the "Settlement Fairness Hearing") shall be held on September 27, 2011, at 10 a.m., in the United States District Court for the District of New Hampshire, 55 Pleasant Street, Concord, New Hampshire 03301, the Honorable Joseph N. Laplante presiding, to:

> a. determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;
>
> b. determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Actions with prejudice and extinguishing and releasing all Released Claims and Settled Defendants' Claims (as defined therein);
>
> c. determine whether the Plan of Allocation should be approved;
>
> d. rule on the Fee and Expense Application and any request for a case contribution award to Plaintiffs; and
>
> e. rule on such other matters as the Court may deem appropriate.

6. The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice to Class Members. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

3

7.     The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

8.     The Claims Administrator shall make reasonable efforts to identify all persons and entities who are members of the Class, including beneficial owners whose shares of GT Solar common stock are held by banks, brokerage firms, or other nominees, based on the Company's provision of transfer records and information required by the Claims Administrator, to send copies of the Notice to the persons and entities who can be identified through reasonable efforts from those records.

9.     Within thirty (30) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice, substantially in the form of Exhibit A-1 to the Stipulation, to be mailed by United States mail, postage pre-paid, to all members of the Class, at their last known address appearing in the stock transfer records maintained by or on behalf of GT Solar, and to identifiable nominees for Class Members. The thirtieth (30th) day after the entry of this Order shall be termed the "Notice Date."

10.    Pursuant to the Notice, each nominee shall either (a) send the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within ten (10) calendar days after the nominee receives the Notice; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members named on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their

4

reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than thirty (30) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

11.     Within ten (10) calendar days of the Notice Date, Lead Counsel shall publish a Summary Notice, substantially in the form of Exhibit A-3 to the Stipulation, once in the *Investor's Business Daily* and have it transmitted once over the Globe Newswire, and shall post the full Notice and any other appropriate documents on a website concerning the Settlement. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than thirty (30) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

12.     The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice to all persons and entities entitled to receive such notice and fully satisfies the requirements of due process and of Fed. R. Civ. P. 23.

13.     Any member of the Class who objects to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, and/or any case contribution award to Plaintiffs, or who otherwise wishes to be heard, may appear in

person or by his, her, or its attorney at the Settlement Fairness Hearing and present

evidence or argument that may be proper or relevant; provided, however, that no person

other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or

other documents submitted by any person or entity shall be considered by the Court,

unless at least fourteen (14) calendar days before the Settlement Fairness Hearing such

person or entity files with the Court and delivers to counsel listed below:  (a) a written

notice of intention to appear; (b) a statement of such person's or entity's objection(s) to

any matters before the Court; (c) the grounds therefor or the reasons that such person or

entity desires to appear and be heard, as well as all documents or writings such person or

entity desires the Court to consider; and (d) documents evidencing that such person is a

Class Member.  Such filings shall be filed with the Clerk of the Court and the following

counsel so that they are received at least fourteen (14) calendar days before the

Settlement Fairness Hearing:

**Lead Counsel:**

Daniel S. Sommers
Matthew K. Handley
S. Douglas Bunch
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005

**State Counsel:**

David R. Scott
Geoffrey M. Johnson
SCOTT + SCOTT LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH  44106

**Counsel for Defendants:**

Randall W. Bodner
Christopher G. Green
C. Thomas Brown
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199

Bradley J. Butwin
William J. Sushon
B. Andrew Bednark
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036

14. Any person or entity falling within the definition of the Class may, upon request, be excluded from the Settlement. Any such person or entity must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"). A Request for Exclusion must be received by the Claims Administrator at least fourteen (14) calendar days before the Settlement Fairness Hearing and state: (i) the name, address, and telephone number of the person or entity requesting exclusion; (ii) the person's or entity's purchases, acquisitions and sales of GT Solar common stock made during the Class Period, including the dates, the number of shares of common stock, and price paid or received per share for each such purchase, acquisition or sale; and (iii) that the person or entity wishes to be excluded from the Class. Any Class Member so excluded shall not be bound by the terms of the Stipulation nor entitled to any of its benefits, and shall not be bound by any Order and Final Judgment and/or other order of the Court entered herein, whether pursuant to this Stipulation or otherwise.

15. Any Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim, substantially in the form of Exhibit A-2 to the Stipulation, to the Claims Administrator, at the Post Office Box indicated in the Notice,

7

postmarked not later than one-hundred and fifty (150) calendar days following the Notice Date. Such deadline may be further extended by Court order. Provided they are received before the motion for the Class Distribution Order is filed, Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation (notarization not required) that the information is true and correct. All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

16. If this Settlement is not approved by the Court or does not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation and any actions taken or to be taken in connection therewith, including this Order) shall be terminated and shall become void and of no further force and effect except for the obligations to pay, from the Settlement Fund, Taxes and any expense incurred in connection with the notice and administration provided for by this Order.

8

17.     All proceedings in the Actions, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination whether the Settlement should be approved, Plaintiffs and all Class Members are barred and enjoined from commencing or prosecuting any action asserting any claims that are or relate in any way to the Released Claims as defined in the Stipulation.

18.     Neither the Stipulation nor any provisions contained in the Stipulation, nor any negotiations, statements, and proceedings in connection herewith, shall be construed or deemed to be evidence of an admission or concession on the part of Plaintiffs, the Defendants, any member of the Class, or any other person or entity, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Class, any present or former stockholder of GT Solar, or any other person or entity, has or has not suffered any damage, except that the Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     Any submission to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of the Fee and Expense Application, shall be filed no

later than thirty (30) calendar days before the date scheduled for the Settlement Fairness
Hearing.

20.     Any response to any timely-filed objection to the Settlement, Plan of
Allocation, or Fee and Expense Application shall be filed no later than seven (7) calendar
days before the date scheduled for the Settlement Fairness Hearing.

21.     The Court authorizes payment out of the Settlement Fund of all Taxes
and Notice and Administration Costs, as defined in the Stipulation of Settlement.

SIGNED this _____13th_____ day of _____May_____ 2011.

THE HONORABLE JOSEPH N. LAPLANTE
UNITED STATES DISTRICT JUDGE