UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

IRVING S. BRAUN, individually and on behalf of all others similarly situated,

          Plaintiff,

vs.

GT SOLAR INTERNATIONAL, INC., et al.,

          Defendants.

CIVIL ACTION NO. 1:08-CV-00312-JL

(MAIN CASE)

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the 27th day of Sept., 2011, a hearing having been held before this Court to determine: (a) whether the above-captioned federal securities class action (the "Action") satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the terms of the proposed settlement ("Settlement") described in the Stipulation of Settlement dated May 4, 2011 (the "Stipulation"), are fair, reasonable and adequate, and should be approved by the Court; (c) whether the proposed allocation of the Settlement Fund (the "Plan of Allocation") is fair and reasonable and should be approved by the Court; (d) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims as against the Released Persons, as set forth in the Stipulation, should be ordered; (e) whether the Fee and Expense Application should be approved; and (f) such other matters as the Court might deem appropriate; and

The Court having considered all matters submitted to it at the hearing held on Sept. 27, 2011 and otherwise; and

1

It appearing that a Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing ("Notice") substantially in the form approved by the Order for Notice and Hearing dated May 13, 2011 was mailed to all persons and entities reasonably identifiable who purchased the common stock that is the subject of the Action, except those persons and entities excluded from the definition of the Class; and

It appearing that a Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") substantially in the form approved by the Court in the Order for Notice and Hearing was published pursuant to the specifications of the Court, and that a website was used for further availability of the Notice to the Class;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Class Members and Defendants.

2. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions

affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court hereby finds that the Notice distributed to the Class provided the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation of the Settlement Fund, to all persons and entities entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members who did not timely elect to exclude themselves by written communication are bound by this Order and Final Judgment.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the Action as a class action on behalf of all persons or entities who purchased or otherwise acquired the common stock of GT Solar from the effective date of the Company's Registration Statement, through and including July 24, 2008, or who purchased or otherwise acquired the common stock of GT Solar pursuant or traceable to the Registration Statement, and who were damaged thereby. Excluded from the Class are Defendants and their affiliates; members of their immediate families and their legal representatives, heirs, successors or assigns; any entity in which Defendants have or had a controlling interest; and the current and former officers and directors of the Company. Also excluded from the Class are any

putative Class Members who have excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice; these persons and entities are listed on Exhibit A attached hereto.

6.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as the class representative and Lead Plaintiff's selection of Cohen Milstein Sellers & Toll PLLC as counsel for the Class is approved.

7.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.  The Federal Action is hereby dismissed with prejudice and without costs.

9.  Upon the Effective Date of this Settlement, Plaintiffs and members of the Class on behalf of themselves and each of their past or present subsidiaries, affiliates, parents, successors and predecessors, estates, heirs, trustees, executors, administrators, and their respective officers, directors, shareholders, employees, members, partners, assigns, agents, legal representatives, spouses and any persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Persons.

(a)  "Released Claims" means any and all claims, rights or causes of action or liabilities whatsoever, direct, derivative, or otherwise, contingent or absolute, matured or unmatured, whether based on federal, state, local, statutory or common law or any other

law, rule or regulation, including both known and Unknown Claims (as defined below), that Plaintiffs or any other member of the Class (a) asserted in the operative Complaint or any other complaint in either the Federal or State Action, (b) could have asserted in any forum, that arise out of, are based upon, or relate in any way, directly or indirectly, to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the operative Complaint or in any other complaint in either the Federal or State Action; or (c) could have asserted in any forum, that in any way relate to the purchase or acquisition of GT Solar common stock from the effective date of the Company's Registration Statement, through and including July 24, 2008. Released Claims does not include any present claims in the consolidated derivative action, *Fan v. GT Solar Int'l, Inc., et al.*, No. 09-C-030, pending in New Hampshire state court, nor does it include any claims to enforce the Settlement.

(b) "Released Persons" means each and all of Defendants and their Related Parties. "Related Parties" means each of Defendants' past or present subsidiaries, parents, affiliates, successors and predecessors, and their respective past or present officers, directors, shareholders, partners, members, principals, agents, employees, attorneys, insurers, spouses and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

10. Upon the Effective Date of this Settlement, each of the Defendants and Related Parties, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents, successors and predecessors, estates, heirs, executors, administrators,

and the respective officers, directors, shareholders, agents, legal representatives, spouses and any persons they represent, shall, with respect to each and every Settled Defendants' Claims, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

11. The Court finds that all Parties to the Action and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. The Stipulation and all negotiations, statements, and proceedings in connection with the Settlement shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Plaintiffs, the Defendants, any member of the Class, or any other person or entity, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and the Settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Class, any present or former stockholder of GT Solar, or any other person or entity, has or has not suffered any damage, except that the Released Persons may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

14. Lead Counsel, on behalf of itself and Plaintiffs' Counsel, are awarded attorneys' fees of _Twenty - five_ percent (_25_%) of the Settlement Amount, plus interest at the same rate as earned by the Settlement Fund, which shall be paid out of the Settlement Fund. This award of attorneys' fees is reasonable, and represents a reasonable percentage of the Settlement Fund, in view of the applicable legal principles and the particular facts and circumstances of this action. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion and sole discretion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the action.

15. Lead Counsel, on behalf of itself and Plaintiffs' counsel, are awarded reimbursement of expenses in the aggregate amount of $ _192,168.28_, which shall be paid out of the Settlement Fund. These expenses are fair, reasonable, and were necessarily incurred in connection with the prosecution and settlement of this litigation.

16. The Claims Administrator is awarded $ _36,919.48_ for fees and expenses accrued through August 23, 2011, which shall be paid out of the Settlement Fund.

17. State Action Plaintiff Joyce T. Hamel, in recognition of her efforts on behalf of the Class and as an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the [Settlement Class]" as provided for in 15 U.S.C. § 78u-4(a)(4), is awarded $ _3,654.00_, which shall be paid out of the

7

Settlement Fund. This award is reasonable and represents a fair and reasonable amount in view of the work performed, applicable legal principles, and benefit obtained for the Class.

18.     The attorneys' fees, case contribution award, and expenses approved by the Court in ¶¶ 14-16 hereof shall be payable from the Settlement Fund to Lead Counsel, on behalf of itself, Plaintiffs' Counsel, and Plaintiffs immediately upon entry of this Order, notwithstanding the existence of any potential appeal or collateral attack on this Order.

19.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

20.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered, including those certifying a settlement Class, and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this __27th__ day of __Sept,__ 2011.

_____
THE HONORABLE JOSEPH N. LAPLANTE
UNITED STATES DISTRICT JUDGE