UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IRVING S. BRAUN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GT SOLAR INTERNATIONAL, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:08-CV-00312-JL<br><br>(MAIN CASE) |

JL 7/19/12

[PROPOSED] ORDER FOR DISTRIBUTION OF CLASS SETTLEMENT FUND

This matter comes before the Court on Lead Plaintiff's Assented-To Motion for an Order for Distribution of Class Settlement Fund, made pursuant to Paragraph 10 of the Stipulation of Settlement (the "Stipulation") approved by this Court on September 27, 2011, which requires Lead Counsel to apply to the Court, on notice to Defendants' Counsel, for an order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted herein, approving any fees and expenses of the Claims Administrator not previously applied for, and directing payment of the Net Settlement Fund to Authorized Claimants.

**NOW, THEREFORE**, upon review of Lead Plaintiff's Assented-To Motion for an Order for Distribution of Class Settlement Fund and the accompanying Affidavit of Paul Mulholland, CPA, CVA Concerning Administrative Procedures Performed to Process Claims and the Results Thereof ("Mulholland Affidavit"), and upon all prior proceedings herein, and after due deliberation, the Court hereby finds and orders as follows:

1

1. The administrative determinations of the Claims Administrator accepting the claims as indicated in the Mulholland Affidavit are approved, and said claims are accepted.

2. The administrative determinations of the Claims Administrator rejecting the claims as described in the Mulholland Affidavit are approved, and said claims are rejected.

3. The balance of the Settlement Fund and interest accrued thereon after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed in Exhibit B-1 to the Mulholland Affidavit in proportion to the Recognized Claim allocated to each such eligible claimant.

4. The payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 120 DAYS AFTER ISSUE DATE." Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and/or contact any eligible claimant who has not cashed his, her, or its distribution within said time.

5. Strategic Claims Services shall be paid the sum of $13,080.52 from the Settlement Fund and the interest accrued thereon for additional fees and expenses incurred in connection with the services performed and to be performed in giving notice to the Class, preparing tax returns for the Settlement Fund, processing the Proofs of Claim, and administering and distributing the Net Settlement Fund.

6. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent

efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution; (b) second, to pay any additional settlement administration fees and expenses, including those of Lead Counsel and State Counsel, as may be approved by the Court; and (c) finally, to the extent that the residual amount is determined by Lead Counsel to be of a size insufficient to justify the cost of a further distribution to the Authorized Claimants, to be donated to a 501(c)(3) public charity selected by Lead Counsel.

7. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

8. The Claims Administrator is authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the distribution

of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the distribution of the Net Settlement Fund to the eligible claimants.

9. This Court retains jurisdiction over any further application or matter that may arise in connection with this Action.

10. No claim submitted after June 28, 2012 may be included in the initial distribution for any reason whatsoever.

SIGNED this ___19th___ day of ___July___ 2012

_____
THE HONORABLE JOSEPH N. LAPLANTE
UNITED STATES DISTRICT JUDGE